246 So.2d 187

**STATE of Louisiana**

v.

**Robert Curtis DOZIER.**

**No. 50998.**

March 29, 1971.

Crawford A. Rose, Jr., Delhi, for defendant-relator.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., E. Rudolph McIntyre, Dist. Atty., William R. Coenen, W. Sartis Bassett, Asst Dist. Attys., for appellee.

BARHAM, Justice.

We granted alternative writs and issued a stay order, 256 La. 1014, 240 So.2d 742 on the application of relator-defendant who had been convicted of three misdemeanors in the district court. The sentence imposed for each offense was insufficient to give appellate relief to defendant, and this court believed the showing made in the application sufficient to warrant the exercise of our supervisory jurisdiction.

These three misdemeanor cases, arising out of the same occurrence, were consolidated in writ application and for the purpose of review. Bill of Information No. 18463 charged that the defendant "violated LSA RS 14:37 by committing an assault with a dangerous weapon". Bill of Information No. 18464 charged that the defendant "did operate the vehicle in a criminally, negligent or reckless manner in violation of LSA RS 14:99". Bill of Information No. 18465 charged that the defendant "intentionally opposed and resisted and obstructed an individual acting in his official capacity and authorized by law to make a lawful arrest when he the [said] Robert Curtis Dozier knew or had reason to know that the person arresting was acting in his official capacity, all in violation of LSA RS 14:108".

Bills of exception were reserved when a motion to quash these bills of information

was overruled and when a motion in arrest of judgment, which also urged that the bills of information should be quashed, was overruled. We address ourselves to an examination of the three bills of information to determine whether they legally charge criminal offenses.

■ The Louisiana Constitution of 1921 requires that in all prosecutions the accused be informed of the nature and cause of the accusation against him (Art. 1, Sec. 10), and that no person shall be twice put in jeopardy for the same offense (Art. 1, Sec. 9). Under this general mandate we have determined that a bill of information or indictment must be clearly and concisely stated. It must contain all the essential elements of the crime intended to be charged in sufficient particularity to enable the defendant to prepare for trial, to allow the court to determine the propriety of the evidence which is submitted upon the trial and to impose the correct punishment on a verdict of guilty, and finally to afford the defendant protection from subsequent prosecution for the same offense.

■ We quickly dispose of the bill of information which attempts to charge aggravated assault (R.S. 14:37). If this information attempts to follow the short form indictment provided for this offense in Article 465 of the Code of Criminal Procedure, it is defective because it fails to follow the language there set out for charging aggravated assault. See State v. Robinson, 143 La. 543, 78 So. 933. Moreover, it is defective under Code of Criminal Procedure Article 473 which requires the identification of the victim when the name of the person is substantial and not merely descriptive. No only does Article 465 require the naming of the victim in the short form indictment for aggravated assault, but Article 473 would require an indictment for aggravated assault to name the victim. Article 473 specifically requires the naming of the victim in murder, rape, or battery, which are illustrative of the many offenses in which the name is essential, and an assault as defined by R.S. 14:36 is merely an attempt to commit a battery. The motion to quash Bill of Information No. 18463 should have been sustained.

■ Bill of Information No. 18464 attempts to charge the crime of reckless operation of a vehicle in the following language: "Robert C. Dozier did operate *the vehicle* in a criminally, negligent or reckless manner in violation of LSA RS 14:-99." (Emphasis here and elsewhere has been supplied.) The defendant urges that the bill is defective because the law can be violated in many ways and the information fails to state in what manner it was violated.

Reckless operation of a vehicle is *not* one of the offenses for which a short form

indictment is provided. The bill of information therefore must, in accord with Code of Criminal Procedure Articles 463 and 464, set forth a plain, concise, and definite statement of the essential facts constituting the offense charged with the citation of the statute alleged to have been violated. R.S. 14:99 defines the crime as follows:

"Reckless operation of a *vehicle* is the operation of any *motor vehicle*, aircraft, vessel, *or* other means of conveyance in a criminally negligent or reckless manner."

▅▅ Since there are several means by which this statute may be violated, an information charging its violation either must name conjunctively all the means used or must specify with particularity the one means used. La.C.Cr.P. Art. 480. It is obvious that the bill of information here is defective in that it fails to particularize the vehicle or to charge conjunctively in the language of the statute so as to include all vehicles.[1] The bill fails to meet the standard for informing the accused of the offense charged set forth above in this opinion, and the motion to quash this bill of information should have been sustained.

▅ The bill of information attempting to charge the offense of resisting an officer alleges that the defendant "intentionally opposed and resisted and obstructed *an individual* acting in his official capacity * * * in violation of LSA RS 14:108". Here we are faced with a more difficult question of determining whether this offense is of such a nature as to require the name or identification of the victim and a statement of the capacity in which he was acting.

The requirement for identification of the victim is made constitutionally necessary under certain accusations in order that the accused be properly informed of the accusation against him and not be twice placed in jeopardy for the same offense. C.Cr.P. Art. 473; 32 Tulane L.Rev. 66. A perusal of Code of Criminal Procedure Article 465, which states the short form indictments for numerous offenses, is helpful in determining when the victim must be identified in an indictment. Certainly this article is illustrative of the types of offenses which require the naming of the victim,[2] and resisting an officer is a

---

1. The rules of statutory interpretation require a court to consider that all expressions in the statute have meaning. If "vehicle" is self-explanatory, it would be unnecessary to name "motor vehicle, aircraft, vessel, or other means of conveyance". We must also accept that if the Legislature intended "vehicle" and "means of conveyance" to be exact synonyms, the statute as expressed is redundant. Therefore we must attribute to the Legislature the intent to define four means of committing the offense of reckless operation of a vehicle.

2. The following require identification of the victim in the short form indictment: Abortion, assault, battery, bigamy, public bribery, bribery of voters, carnal knowl-

cognate of at least some of the offenses in which the victim must be named or identified. A comparison with another crime, public intimidation, is also helpful. Public intimidation as defined by R.S. 14:122 has many ingredients which are similar to the essential elements of the crime of resisting an officer, and the short form provided in Article 465 for public intimidation requires the naming of the officer intimidated.

There are a number of other offenses which may be charged by short form indictment under Article 465 and which involve public officers, officials, or others serving in a public capacity (jurors, witnesses), and the short form indictment for each of these offenses requires the name of the individual and the capacity in which he was acting. Public bribery, R.S. 14:118; aggravated and simple escape, R.S. 14:109, 110 (if the escape is from a place of detention and not from a person, the name of the institution is given instead); public intimidation, R.S. 14:122. In each of these offenses, as in resisting an officer, one of the essential elements is that a public officer or official is involved, and the stating of the official capacity of such a person is as necessary to a charge of resisting an officer as it is to a charge of any offense named above for which the short form indictment unquestionably re-

edge, crime against nature, damage with intent to defraud, cruelty to juveniles,

quires a statement of official capacity as well as name.

We are of the opinion that in order to inform the accused of the offense charged and to protect him from double jeopardy, the offense of resisting an officer must be charged so as to identify both the individual resisted and the capacity in which he was acting. Therefore Bill of Information No. 18465 is fatally defective.

For the reasons assigned the convictions and sentences are annulled and set aside, and the bills of information in all three cases are ordered quashed.

false imprisonment, incest, rape, and robbery.