275 So.2d 738 (1973)
STATE of Louisiana
v.
Leon WILLIAMS.
No. 53117.
Supreme Court of Louisiana.
March 8, 1973.
Rehearing Denied April 19, 1973.
George Spencer, Tallulah, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Thompson L. Clarke, Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant, Leon Williams, was charged by Bill of Information, tried by a jury and *739 convicted of armed robbery and sentenced to serve twenty-five (25) years in the state penitentiary. On this appeal he urges one bill of exceptions.
In our examination of the pleadings and proceedings below, following the submission of the case to us for review, we have found, ex proprio motu, the Bill of Information charging the armed robbery to be fatally defective.
The Bill of Information in the instant proceedings recites that Leon Williams, "* * * did commit robbery of Goodrum's store at Thomastown, Madison Parish, Louisiana, while armed with a dangerous weapon . . .".
This crime was committed on or about August 5, 1972. The statute under which the accused was charged reads:
"Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. . ."
In holding that the Bill of Information does not adequately charge the offense denounced by La.R.S. 14:64, we base our conclusion upon the failure of the prosecution to allege the person robbed. Absent such a recital, the information is rendered violative of the accused's fundamental right to be "* * * informed of the nature and cause of the accusation against him * * *" as specified by Section 10 of Article 1 of the Louisiana Constitution (1921). See State v. Raby, 259 La. 909, 253 So.2d 370 (1970).
Not only does La.C.Cr.P. art. 465 require the naming of the victim in the short form indictment for armed robbery, but also art. 473 specifically requires the naming of the victim in murder, rape or battery which are illustrative of the many offenses in which the name is essential. Compare this with art. 465 on the short form indictment for theft (R.S. 14:67) which does not require a recital of the victim. See also State v. Dozier, 258 La. 323, 246 So.2d 187 (1971) wherein this Court held that a recital of the victim was a necessary element in an indictment attempting to charge aggravated assault.
Since the Bill of Information fails to charge a crime punishable under Louisiana law because of the omission of an essential ingredient of the offense sought to be charged, it is ordered quashed, and the defendant's conviction and sentence are set aside and the defendant is ordered discharged.
HAMLIN, C. J., and SUMMERS, J., dissent.
SANDERS, J., dissents with written reasons.
TATE, J., also concurs for additional reasons as set forth in his concurring opinion in State v. Smith, 275 So.2d 733, rendered this date.
SANDERS, Justice (dissenting).
Armed robbery is the theft of anything of value from the person or from the immediate control of another, by the use of force or intimidation, while armed with a dangerous weapon. LSA-R.S. 14:64.
Article 465 of the Louisiana Code of Criminal Procedure provides that the crime may be charged in the following short form: "A. B., while armed with a dangerous weapon, robbed C. D."
The Bill of Information in this case recites that Leon Williams, "did commit robbery of Goodrum's store at Thomastown, Madison Parish, Louisiana, while armed with a dangerous weapon . . .".
Contrary to the majority, I am of the opinion that the Bill of Information contains no fatal defect. Goodrum's Store is used here, figuratively, to mean "personnel of Goodrum's Store." When thus construed, the charge is a substantial compliance *740 with the statutory form. Although the defendant would have been entitled to a bill of particulars naming the specific person victimized, he sought no such information. Obviously, he was not misled by the charge and makes no complaint concerning it in this Court. See my dissent in State v. Smith, 275 So.2d 733.
For the reasons assigned, I respectfully dissent.