SUMMERS, Justice.
These cases were considered together. Numbers 55,746 and 55,748 are appeals in convictions for resisting arrest where a sentence of six months was imposed. There is no jurisdiction for appeal in these cases, and the appeals are dismissed. La.Const. art. V, ¶ 5(D) (1974).
The issue presented by the cases numbered 55,826 and 55,827 is: Does a bill of information charging resisting an officer under Article 108 of the Criminal Code require that the officer resisted be named?
In this case the indictment charged that defendants “did intentionally resist the Sheriff of DeSoto Parish, La., while the said officer was acting in his official capacity and authorized by law to make a lawful arrest.” At the trial, no evidence was introduced to establish that the sheriff attempted to make the arrest. Instead the evidence was that two of his deputies did so. When a motion for a directed verdict was denied defendants reserved bills of exceptions.
In State v. Dozier, 258 La. 323, 246 So. 2d 187 (1971), a unanimous Court held that in this offense the charge must identify both the individual resisted and the capacity in which he was acting. This bill charges the capacity of the officer only, not his name. And the proof is not in keeping with the capacity charged, for the officers involved were deputy sheriffs, not sheriffs. The information was defective and the motion for a directed verdict should have been granted.
For the reasons assigned, the judgments and rulings of the trial judge are reversed, the convictions and sentence are annulled and set aside, and the bills of information in both cases are ordered quashed.