382 So.2d 1388 (1980)
STATE of Louisiana
v.
George UPTON.
No. 66216.
Supreme Court of Louisiana.
April 14, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., Sonia D. Peters, Asst. Dist. Atty., for plaintiff-appellee.
Jack D. Barnett, Shreveport, for defendant-appellant.
PER CURIAM.
Defendant was charged by bill of information with the receiving of stolen goods valued in excess of five hundred ($500.00) dollars, a felony offense in violation of La.R.S. 14:69. On July 16, 1979, he entered a plea of guilty to the reduced charge of attempting to receive stolen goods, a misdemeanor offense under all circumstances. La.R.S. 14:27; 14:69. The trial court thereafter ordered a pre-sentence report. On September 18, 1979, it sentenced defendant to a year in the Parish Prison, the maximum term provided by the statute. The court suspended that sentence upon condition defendant spend six months in jail, and *1389 placed defendant on active probation for a period of three years. Defendant has appealed that sentence to this Court, urging that the trial judge erred in relying on prejudicial misinformation contained in the pre-sentence report, and erred further in denying him opportunity to offer evidence in rebuttal. We now vacate his sentence, although not on grounds urged by counsel, and remand for resentencing.
The defense alleges that immediately prior to sentencing, the trial court disclosed at least portions of the pre-sentence report. According to that report, defendant had failed to make good of his promise to help the authorities with their investigation of (unspecified) criminal activity in the parish. Counsel asked the court to continue the sentencing for purposes of presenting evidence that defendant had in fact fully cooperated with both federal and state agencies. He had in mind a particular parish deputy with whom, counsel alleged, defendant shared a special and confidential rapport. The Department of Probation and Parole, apparently, had failed to consult with this officer in preparing its report. "I would not like [defendant] to be sentenced," counsel explained to the court, "on the basis of a report that is not only just merely incomplete, but lacks the critical information upon which the whole business of [defendant's] entering a plea of guilty to this charge was based, and that is his complete cooperation with the law enforcement authorities from the very beginning of this investigation to the present time."
Although sympathetic to the defense argument, the trial court refused to continue the sentencing. In the trial judge's view, it "still [had] control over the time that [defendant] must spend in jail as a condition of probation and upon receipt of information which would tend to change the facts as set out in the pre-sentence investigation report, I will reduce further the time that [he] might be required to spend in jail." Accordingly, the court proceeded to sentence defendant.
In challenging the ruling below, the defense relies on this Court's decisions in State v. Bosworth 360 So.2d 173 (La.1978) and State v. Underwood, 353 So.2d 1013 (La.1978). As Bosworth cautions, 360 So.2d at 175, "[w]here in imposing a heavy sentence, the trial court relies upon pre-sentence information which is materially false or which furnishes invalid information, the defendant must be given an opportunity to deny or explain such substantially significant misinformation."
Our review of the pleadings and proceedings in this case indicates, however, other defects in the sentencing below that will require remand of this case to the trial court. La.C.Cr.P. Art. 920(2). La.C.Cr.P. Art. 894 provides in pertinent part that "[w]hen a suspended sentence in excess of ninety days is imposed, the court may also place the defendant on [active] probation. . . for a period not in excess of two years [emphasis supplied]." To this extent, the trial court's sentence of defendant to three years' probation in this case is illegal. Moreover, while Art. 894 also provides for "such conditions [of probation] as the court may fix," La.C.Cr.P. Art. 895 governing general conditions of probation for both misdemeanors and felonies specifically reserves the condition of time spent in jail ("not to exceed one year") to "[f]elony cases." La.C.Cr.P. Art. 895(B). To this extent also, the trial court's sentence here is illegal.[1]
We therefore vacate the sentence in this case and remand to the trial court for resentencing. La.C.Cr.P. Art. 882; State v. Wymore, 377 So.2d 283 (La.1980); State v. Delaney, 359 So.2d 976 (La.1978); State v. *1390 Jones, 341 So.2d 3 (La.1977). We note that remand here will allow the trial court to consider now the evidence the defense originally wished to present. As set forth above, the trial court indicated that it would entertain additional information on the specific question whether defendant had cooperated fully with the authorities after it had sentenced defendant to jail. We think it clear that the appropriate time for the trial judge to consider this information is before he renders sentence, as jail time itself may well hang in the balance.
SENTENCE VACATED AND REMANDED.
NOTES
[1] As we noted in State v. Hopkins, 367 So.2d 346 (La. 1979), La.C.Cr.P. Art. 894 allows the trial court to suspend the imposition or execution of a misdemeanor sentence in whole or in part. For a one-year misdemeanor, the trial court may therefore sentence defendant to jail for six months and suspend the balance of the maximum term. The court may not, however, impose the maximum sentence of one year and then require, as a condition of extended probation, six months spent in jail. In that case, the accused may well spend (on probation revocation) more time in jail than the legislature has provided for the offense.