404 So.2d 453 (1981)
STATE of Louisiana
v.
Mary GUILLORY.
No. 80-K-2692.
Supreme Court of Louisiana.
April 6, 1981.
On Rehearing September 28, 1981.
*454 Alcide J. Gray and M. Joy Clemons of Gray, Clemons & Spruel, Lake Charles, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard Knapp, Dist. Atty., Wayne Frey and Abbott Reeves, Asst. Dist. Attys., for plaintiff-respondent.
*455 BARRY, Justice Ad Hoc.[*]
The defendant was convicted of resisting arrest in violation of R.S. 14:108 and presents two assignments of error urging double jeopardy and imposition of an excessive sentence.
Police had set up a blockade around a two block area searching for four armed men in a stolen vehicle. The defendant lived within this sealed-off area and she and her brothers attempted to walk past the police, but were told they could not pass because of the danger.
The defendant told the police she had two small children at her house and she was allowed to pass. However, her two brothers were stopped and the defendant returned and shoved one of the police from behind during an argument. She was then placed under arrest along with her brothers.
The charge was presented by affidavit which did not name the officer who was resisted nor his official capacity. After the State called three witnesses the prosecutor requested that he be allowed to amend the affidavit, but this request was objected to by the defendant. The trial judge denied the request to amend but ordered a mistrial, sua sponte. The defendant also objected to the mistrial.
A new affidavit was filed including the officer's name and his official capacity. Defendant filed a motion to quash alleging double jeopardy, but this motion was denied and the case proceeded to trial. The defendant was found guilty and presents two assignments of error.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial judge erred in denying the motion to quash the second affidavit based on the double jeopardy provisions of the United States and Louisiana Constitutions. The Louisiana Constitution provision against double jeopardy is implemented by La.C.Cr.P. Art. 591:
No person shall be twice put in jeopardy of life or liberty for the same offense except, when on his own motion a new trial has been granted or a judgment has been arrested or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.
The State contends the judge was authorized to grant the mistrial sua sponte under La.C.Cr.P. Art. 775(3) which reads:
(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;
The Official Revision Comment to that article states:
(g) A substantial defect in the indictment would constitute the third listed ground for mistrial, i. e., "a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law." See Article 859(1) Grounds for Arrest of Judgment. Similarly, Art. 487, which states the effects of defective indictments, concludes "* * * After the trial begins a mistrial shall be ordered on the grounds of a defect of substance."
Apparently the trial court felt a mistrial was appropriate under earlier jurisprudence which required that a defendant be informed of essential facts constituting the offense. State v. Spina, 261 La. 397, 259 So.2d 891 (1972). Also, this court had held that a charge brought under La.R.S. 14:108 must name the official who was resisted and his capacity. State v. Moore, 311 So.2d 875 (La.1975); State v. Dozier, 258 La. 323, 246 So.2d 187 (1971).
However, the requirements of Moore and Dozier are no longer necessary. Where the indictment has failed to sufficiently inform the defendant of the specific conduct alleged to have produced a violation, the proper remedy was not a motion to quash, *456 but rather a bill of particulars. State v. Gaieny, 376 So.2d 1240 (La.1979).
When the State attempted to amend the affidavit under the mistaken belief it was necessary, defense counsel opposed the amendment and cited Moore and Dozier, supra. The record shows this defendant was personally acquainted with the officer she is alleged to have resisted.
It therefore follows that the erroneous position urged by the defendant in opposition to the proposed amended affidavit amounted to tacit consent and reason and cause for the mistrial. We find that the defendant's strategy left no alternative but for the trial judge to declare a mistrial. See State v. Bodley, 394 So.2d 584 (La. 1981). Thus, LSA-C.Cr.P. Art. 591 did not bar retrial.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant was sentenced to "ten (10) days in jail, plus $250.00 fine or 60 days in jail, plus 75 days in jail with the 75 day sentence suspended and the defendant placed under unsupervised probation for a period of two years".
Defendant urges that the terms of the sentence are illegal and that the trial judge failed to follow the guidelines in C.Cr.P. Art. 894.1.
The defendant argues that many mitigating factors outlined in La.C.Cr.P. Art. 894.1(B) are present in this case, and if they had been considered by the trial court, the result would have warranted a suspended sentence.
The record reflects that the trial judge stated he considered the case according to the provisions of Article 894.1, but the only reference we find in the record to that consideration was specific mention of the seriousness of the crime. Unfortunately, there is no discussion of the various mitigating circumstances argued by the defendant. And we agree that the trial judge failed to adequately comply with the mandatory requirements of La.C.Cr.P. Art. 894.1 which requires that the sentence be individualized. State v. Jackson, 360 So.2d 842 (La.1978); State v. Cox, 369 So.2d 118, 121 (La.1979).
As noted above, defendant's sentence mandates jail, a fine or jail in lieu of the fine, a suspended jail term plus unsupervised probation.
The penal provision of LSA R.S. 14:108 provides:
Whoever commits the crime of resisting an officer shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both.
Thus, the aggregate of the sentence is within the statutory provisions; however, in a misdemeanor case jail time cannot be a condition of probation, C.Cr.P.Art. 895, and probation cannot exceed one year, C.Cr.P. Art. 894. See State v. Upton, 382 So.2d 1388 (La.1980). Clearly, defendant's sentence is illegal and must be vacated.
We therefore vacate defendant's sentence and remand to the trial court for re-sentencing, C.Cr.P. Art. 882, in accordance with the provisions of C.Cr.P. Art. 894.1.
SENTENCE VACATED AND REMANDED.
MARCUS, J., concurs in part and dissents in part and assigns reasons.
LEMMON, J., dissents from setting aside sentence and assigns reasons.
MARCUS, Justice (concurring in part and dissenting in part).
I concur in defendant's conviction but dissent from the finding that defendant's sentence is illegal. Accordingly, I respectfully concur in part and dissent in part.
LEMMON, Justice, dissents from setting aside the sentence and assigns reasons.
I concur in affirming the conviction, but dissent from that part of the judgment which sets aside the sentence as illegal.
C.Cr.P. art. 894 A permits a trial judge in misdemeanor convictions to suspend the remaining part of the sentence after the defendant *457 has begun to serve the sentence, or to suspend the imposition or execution of all or part of the sentence before the defendant has begun to serve the sentence. Thus, I see nothing illegal about giving a split sentence.[1]
C.Cr.P. art. 895 does limit the imposition of jail sentences as a condition of probation to felony cases, but that provision was necessary because a trial judge cannot suspend a sentence in a felony case after the defendant has begun to serve the sentence. Such a provision is unnecessary in misdemeanor cases.
The interpretation by the majority in the present case forces a trial judge to choose between all probation or all jail, with no apparent rational basis for this limitation on his sentencing discretion.

ON REHEARING
LEMMON, Justice.
We granted the state's application for rehearing in order to reconsider that part of our decision on original hearing in which we set aside as illegal the sentence imposed by the trial judge.
Defendant was sentenced to "ten (10) days in jail, plus $250.00 fine or 60 days in jail, plus 75 days in jail with the 75 day sentence suspended and the defendant placed under unsupervised probation for a period of two years".
On original hearing we held that defendant's sentence for a misdemeanor was illegal in two respects: (1) jail time was imposed as a condition of probation and (2) the period of probation exceeded one year. We also concluded that the trial judge had failed to comply with the guidelines of C.Cr.P. Art. 894.1 in imposing the sentence. On reconsideration we now conclude we erred in holding the sentence illegal in the first respect.
C.Cr.P. Art. 894 expressly authorizes a trial court, in sentencing a defendant convicted of a misdemeanor, to "suspend the imposition or the execution of the whole or any part of the sentence imposed and place the defendant on unsupervised probation". (Emphasis supplied.) The sentence in the present case is actually a sentence of 85 days imprisonment, in which part of the sentence (75 days) was suspended. Therefore, the sentence falls within the precise terms of Article 894's authority in misdemeanor cases.
The decision on original hearing was based on State v. Upton, 382 So.2d 1388 (La.1980). In the Upton case this court in a per curiam opinion set aside a sentence on several grounds and remanded for resentencing, noting that C.Cr.P. Art. 895 B "specifically reserves" confinement as a condition of probation for felony cases. While some members of the court doubt the correctness of the Upton decision, it is not necessary that we reexamine that decision in order to adjudicate the present case.[1]
While the sentence in the present case might reasonably be construed as imposing a ten-day jail term as a condition of probation, the trial judge did not mention conditions of probation, and the sentence is more appropriately viewed as one in which the execution of part of the sentence is suspended under the authority of C.Cr.P. Art. 894. Furthermore, there is no apparent rational basis for requiring the trial judge, in imposing sentences in misdemeanor cases, to choose between an all-jail sentence with no probation and a no-jail sentence with all probation.
We therefore reverse our position on original hearing that the sentence illegally imposed confinement as a condition of probation.
*458 As to the illegality of the sentence because the term of probation exceeds one year, our original opinion reached the correct result. C.Cr.P. Art. 894 limits the period of suspension of sentence and probation to one year or less, unless a suspended sentence in excess of 90 days is imposed, in which case the period of probation is limited to two years. Since the suspended sentence in the present case was not in excess of 90 days, the maximum period of probation that could be imposed was one year. The sentence was illegal in this respect and must be vacated.
As to the compliance with C.Cr.P. Art. 894.1's requirement that the trial court in imposing sentence state for the record the considerations taken into account and the factual basis for those considerations, we note that the trial judge only referred to the seriousness of the crime and did not refer to any mitigating circumstances argued by defendant. We generally do not remand for compliance with Article 894.1 unless the sentence is apparently severe.[2]State v. Jones, 381 So.2d 416 (La.1980). However, this matter must be remanded anyway to correct the illegal sentence. On remand the trial court, in imposing a new sentence, should take into account all aggravating and mitigating considerations applicable in this case and state for the record the factual basis for the considerations. See State v. Sepulvado, 359 So.2d 137 (La. 1978).
Accordingly, the conviction is affirmed, but the sentence is set aside as illegal. The matter is remanded to the trial court for resentencing in accordance with this opinion.
CALOGERO, J., concurs and assigns reasons.
DENNIS, J., concurs for the reasons assigned by CALOGERO, J.
WATSON, J., concurs in the result.
LEMMON, Justice, assigning additional concurring reasons.
Even if the sentence in the present case were construed as one imposing a ten-day jail term as a condition of probation, there is no statutory prohibition against such a sentence. C.Cr.P. Art. 895 limits conditions of probation to those "reasonably related" to a defendant's rehabilitation, and the article specifically lists some illustrative conditions.[1] However, any condition may be imposed, as long as it is reasonably related to rehabilitation.
A 1973 Opinion of the Attorney General expressed the view that trial courts were not authorized to impose confinement as a condition of probation under C.Cr.P. Art. 893 (relating to felonies) or 894 (relating to misdemeanors) in the absence of an express *459 amendment to C.Cr.P. Art. 895. By Acts 1974, No. 211 the Legislature added Paragraph B to Article 895 and expressly authorized the imposition of limited confinement as a condition of probation in felony cases.[2] See C.Cr.P. Art. 895, Official Revision Comment (c).
There is no compelling reason to construe the express authorization in felony cases as an implied denial of this sentencing alternative in misdemeanor cases.[3] Article 895's express one-year limitation in felony cases appears to be designed to prevent trial judges from imposing longer jail terms in felony cases as probationary conditions rather than to prohibit trial judges from imposing any jail term as a probationary condition in misdemeanor cases.[4] Although misdemeanors have varying terms, relatively few exceed six months.[5] Obviously, the Legislature did not intend to authorize confinement as a probationary condition which would exceed the maximum term of confinement set forth in the penalty provision of the statute defining the offense. Thus, it is understandable that the one-year period of C.Cr.P. Art. 895 B would not include misdemeanor cases. It is, therefore, unnecessary to perceive the specific grant of authority to impose a one-year jail sentence as a condition of probation in felony cases as an implied legislative bar to imposing a brief term of confinement as a condition of probation in misdemeanor cases.[6]
This interpretation of Article 895 also accords with the concept that a trial judge should be afforded wide discretion in performing his sentencing function. See American Bar Association Standards Relating to Sentencing Alternatives and Procedures, §§ 2.1(b), 2.4.
I therefore conclude that the jail term imposed at the time of initial sentence in this misdemeanor case was not illegal, even if intended as a condition of probation, because of C.Cr.P. Art. 894's express authorization of the sentence.[7]
*460 CALOGERO, Justice, concurring.
I agree with the majority that the sentence is illegal because the period of probation exceeded one year, the trial judge did not comply with La.C.Cr.P. art. 894.1, and the jail time imposed was essentially the result of a partial suspension of the sentence rather than a condition of probation.
However, I see no reason to question the correctness of State v. Upton, 382 So.2d 1388 (La.1980), a Per Curiam opinion subscribed to by all seven members of the Court only a year ago. In my view, Upton was correctly decided and there has been no legislative change which would prompt a different result now.
La.C.Cr.P. art. 895 specifically provides that the trial judge may impose a term of imprisonment without hard labor as a condition of probation in felony cases, the implication being that such a condition may not be imposed in misdemeanor cases. This intent of the Legislature is especially clear when we consider that, as pointed out by the comments to this article, the amendment to the article authorizing imprisonment as a condition of probation in felony cases, was made in direct response to an opinion by the Attorney General stating that the courts were not authorized to impose imprisonment as a condition of probation in either felony or misdemeanor cases.
Upton, rendered after the above amendment to La.C.Cr.P. art. 895, held that the imposition of jail time as a condition of probation in misdemeanor cases was not authorized by that article, and such an imposition resulted in Upton's sentence being declared illegal. I think the Upton opinion correctly interprets the law in this area and see no reason to question it now.
For the foregoing reasons, I concur.
NOTES
[*] Judges Jim Garrison, Lawrence A. Chehardy and Denis A. Barry of the Fourth Circuit participated in this decision as Associate Justices Ad Hoc, joined by Justices Calogero, Marcus, Blanche and Lemmon.
[1] If the trial judge had sentenced defendant to 85 days in jail and announced he would suspend the sentence after defendant had served 10 days, that procedure would apparently be considered legal. It is unduly technical to declare illegal the present sentence, in which there is no essential difference.
[1] The author herein expressly questions Upton and assigns reasons in an additional concurring opinion.
[2] The 10-day jail term "falls within the lower range of sentences which might have been imposed within the statutory limits" following conviction of resisting arrest. State v. Jones, 381 So.2d at 418. R.S. 14:108 provides for imprisonment for a period not to exceed six months and a fine not to exceed $500.00, or both.
[1] C.Cr.P. Art. 895 A provides:

"When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific condition reasonably related to his rehabilitation, including any of the following:
"That the defendant shall:
"(1) Make a full and truthful report at the end of each month;
"(2) Meet his specified family responsibilities;
"(3) Report to his probation officer as directed;
"(4) Permit the probation officer to visit him at his home or elsewhere;
"(5) Devote himself to an approved employment or occupation;
"(6) Refrain from owning or possessing firearms or other dangerous weapons;
"(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;
"(8) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons; or
"(9) Remain within the jurisdiction of the court and get the permission of the probation officer before any change in his address or his employment."
[2] The language interpreting C.Cr.P. Art. 895 B in State v. Upton, 382 So.2d 1388 (La.1980) was overly broad. Article 895, while authorizing the imposition of confinement as a condition of probation in felony cases, does not necessarily preclude such an imposition in misdemeanor cases, at least when jail time is imposed contemporaneously with suspension of part of a sentence.
[3] I recognize other appellate courts have (perhaps grudgingly) construed the statutes of their respective jurisdictions differently. See, for example, People v. Ledford, 173 Colo. 194, 477 P.2d 374 (1970). However, I do not find these cases persuasive in construing our statutory scheme which expressly authorizes probation in connection with partial suspension of a sentence.
[4] In a felony case the trial judge retains control over probationary conditions when the sentence is suspended, but when the sentence is not suspended the trial judge is barred from amending the sentence after the defendant begins to serve the sentence. C.Cr.P. Art. 893. The comments to C.Cr.P. Art. 893 make clear the legislative choice not to allow the sentencing judge the prerogative to retain jurisdiction to amend the sentence and thus function as a "one man parole board". See Comment (c), C.Cr.P. Art. 893.
[5] In response to Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the Legislature reduced the penalty for many misdemeanors to six months in order to avoid the jury trial requirement. See Acts 1968, No. 647.
[6] Just how brief the imprisonment must be is a separate question. Obviously, the term must be brief enough to be considered "reasonably related to ... rehabilitation". C.Cr.P. Art. 895 A. The Legislature certainly did not intend to authorize sentences of imprisonment as probationary conditions exceeding the maximum expressly authorized by the statute defining the offense. However, as the relatively brief jail sentence in the present case is "reasonably related" to rehabilitation and is well below the statutory maximum of six months, R.S. 14:108, there is no issue as to an excessive term of confinement ordered as a probationary condition.
[7] A more difficult problem would be be presented if the trial judge had attempted to add confinement as a condition of probation after imposition of the initial sentence under C.Cr.P. Art. 896's authority to modify conditions of probation during the probationary period. The case of State v. Wagner, La. 401 So.2d 1208 (cert. granted), presents the questions of whether the probationer is entitled to a hearing and whether the trial judge can impose confinement as a condition of probation during the probationary period if the probationer has not violated the conditions imposed by the judge and by law at the initial sentencing.