410 So.2d 1089 (1982)
STATE of Louisiana
v.
Vernon WAGNER.
No. 81-K-1886.
Supreme Court of Louisiana.
March 1, 1982.
Milton Masinter, Dwight Doskey, Craig Colwart, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, John H. Craft, Asst. Dist. Attys., for plaintiff-respondent.
CALOGERO, Justice.
The trial judge, who six weeks earlier had placed defendant on active probation for two years after suspending a six month prison sentence imposed when defendant pled guilty to simple battery, conducted a "status hearing" and ordered defendant to serve one month in parish prison as an additional condition of his probation.[1]
Defendant contends that the trial court erred in imposing the one month jail term as a condition of his probation. He argues that a jail term should not be imposed without a prior finding that he violated his probation, and further, that the imposition of jail time as a condition of probation is simply not authorized at all in misdemeanor cases.
The state contends that defendant violated his probation by sending letters and "obscene" pictures of his former girlfriend to her new boyfriend and, therefore, the jail term was a result of a probation revocation, although only partial. In the alternative, the state argues that a term of imprisonment may be added as a probation condition in misdemeanor cases.
We are not persuaded by the state's argument that the imposition of the jail term was the result of a partial revocation of defendant's probation. There is nothing in the record before us that indicates that a probation revocation hearing was conducted. There is no copy of a warrant for the defendant's arrest, nor is there a copy of an issued summons charging defendant with violating his probation, as required by La.C. Cr.P. art. 899. In fact, to the contrary, the court minutes state that a "status hearing" was conducted at which the "court amended *1090 the defendant's sentence and conditions of probation." The judgment imposing the jail term is entitled "Amendment to Sentence and Conditions of Probation" and there is provided therein, "[w]hereas, the court after considering the evidence presented in this matter this day has added two other special conditions to defendant's probation...." The record makes no mention that a revocation hearing took place, or that the "evidence presented" supported a finding that defendant violated any of the conditions of his probation.
Therefore, the question presented is whether a one month jail term may be imposed as an additional condition of defendant's probation without a prior determination that defendant had violated the probation conditions originally imposed.
Since we have determined that the action of the court in this case was not a result of probation revocation proceedings, we must assume that the hearing was conducted under the authority of La.C.Cr.P. art. 896, which allows the court to change or add conditions of probation in appropriate cases.
La.C.Cr.P. art. 896 provides:
The court may, at any time during the probation period, modify, change, or discharge the conditions of probation, or add further conditions authorized by Article 895.
There is no requirement in that article that it must first be shown that the defendant violated the conditions of his probation before the conditions can be amended. Because the offender is under the continuous supervision of the court when he is placed on probation, this article allows the court, without a prior finding that the defendant has violated his probation, to amend the conditions of the probation when necessary. However, the statute does not give the trial judge unlimited authority. It provides that the only conditions that may be added are those authorized by La.C.Cr.P. art. 895; and, of course, in all cases in which imprisonment results, due process must be afforded.
La.C.Cr.P. art. 895, which refers to the conditions of probation which may be imposed, provides:
A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
That the defendant shall:
(1) Make a full and truthful report at the end of each month;
(2) Meet his specified family responsibilities;
(3) Report to the probation officer as directed;
(4) Permit the probation officer to visit him at his home or elsewhere;
(5) Devote himself to an approved employment or occupation;
(6) Refrain from owning or possessing firearms or other dangerous weapons;
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;
(8) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons, or
(9) Remain within the jurisdiction of the court and get the permission of the probation officer before any change in his address or his employment.
B. In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed one year.
C. The defendant shall be given a certificate setting forth the conditions of his probation and shall be required to agree in writing to the conditions.
Defendant contends that La.C.Cr.P. art. 895 only authorizes the court to impose imprisonment as a condition of probation in felony cases. The court is thus implicitly not authorized to do so in misdemeanor cases.
Support for defendant's argument can be found in the Official Revision Comments to La.C.Cr.P. art. 895. Therein it is noted that *1091 part (B) of Article 895, authorizing imprisonment as a condition of probation in felony cases, was added to the statute in direct response to a 1973 opinion by the Attorney General which stated that the courts were not authorized to impose imprisonment as a condition of probation in either felony or misdemeanor cases in the absence of amendment to La.C.Cr.P. art. 895 specifically allowing it. Thereafter, by Act. 211, § 1, of 1974, the Legislature did amend La.C. Cr.P. art. 895 to authorize the imposition of imprisonment as a condition of probation in felony cases only.
This precise issue has recently been addressed by this Court. State v. Upton, 382 So.2d 1388 (La.1980). Therein a unanimous Court, in a per curiam opinion, held that the sentence of a defendant convicted of a misdemeanor was illegal where he had been ordered to serve six months in prison as a condition of his probation:
[W]hile Art. 894 also provides for `such conditions [of probation] as the court may fix,' La.C.Cr.P. art. 895 governing general conditions of probation for both misdemeanors and felonies specifically reserves the condition of time spent in jail (`not to exceed one year') to `felony cases.' 382 So.2d 1388, at 1389.[2]
Therefore, we find merit in defendant's argument that imposition of a prison term as a condition of probation in misdemeanor cases is not authorized by La.C. Cr.P. art. 895, and, thus, such a condition could not be added to his probation.
We also find the imposition of the one month prison term illegal in this case because it exposes the defendant to a greater prison term than is permitted by the statute he violated.
Defendant pled guilty to simple battery. La.R.S. 14:35. The maximum penalty provided for the crime is six months imprisonment. He was sentenced to serve six months in parish prison, suspended. Requiring defendant to serve one month imprisonment (in this case, as an additional condition of probation) exposes defendant to the risk of serving seven months in jail in the event his probation should be revoked. Seven months exceeds the maximum prison term authorized by R.S. 14:35.

Decree
The judgment of the district court of July 16, 1981, insofar as it orders relator Vernon Wagner to serve one month in parish prison as an additional condition of probation, is reversed and set aside.
REVERSED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
I agree that a trial judge cannot order a jail term as an additional condition of probation six weeks after sentencing, unless the trial judge conducts an adversary hearing after due notice and determines that defendant's conduct during the period of probation justifies the imposition of this additional and more restrictive condition of probation.[1] Compare C.J.P. Arts. 91, 92 and 93 with C.Cr.P. Arts. 896, 899 and 900.
*1092 However, I do not agree that it is necessary for the trial judge to determine that defendant has actually violated his original conditions of probation in order to modify the terms of probation to include a jail term as an additional condition.
Probation is such a discretionary matter, from beginning to end, that the trial judge must be accorded virtually unlimited discretion, subject only to procedural due process requirements and to limitations against arbitrary decisions. But when notice and opportunity to be heard has been provided, the trial judge should be permitted to take any action pertaining to probation that is not capricious. See State v. Lassai, 366 So.2d 1389 (La.1978).
In the present case the trial judge may still conduct a hearing and may impose a jail term if the evidence establishes that defendant's conduct during the period of probation justifies such action as "reasonably related to rehabilitation." C.Cr.P. Art. 895. But the trial judge exceeded his authority by doing so without affording notice and an opportunity to be heard.[2] See State v. Harris, 368 So.2d 1066 (La.1979).
NOTES
[1] Following the "status hearing" two additional conditions were imposed:

(1) that defendant serve one month in parish prison; and
(2) that defendant not contact Mrs. Beverly Kearney by phone or otherwise.
The originally imposed conditions of defendant's probation were those set out in La.C.Cr.P. art. 895, and the special conditions that defendant make restitution to the victim for medical costs, that he remain in the Substance Abuse After Care Program for a period of one year, and that he actively participate in A.A.
[2] We note that this aspect of the Upton decision has recently been called into question where the jail term is imposed contemporaneously with the suspension. State v. Guillory, 404 So.2d 453 (La.1981), Lemmon, J., concurring. That of course is not the case here. The jail term in this case was not imposed at the outset, but rather six weeks after the original sentencing. It can only be viewed as that which it was, i.e., a condition of probation, unlike the Guillory situation, where the jail term was imposed contemporaneously with the suspension, and considered equivalent to the partial suspension of the sentence, which is authorized by La.C.Cr.P. art. 894.
[1] This case is clearly distinguishable from State v. Guillory, 404 So.2d 453 (La.1981), in which this court unanimously held that the trial court had authority, at the time of initial sentencing in misdemeanor cases, to impose a jail term with part to be served and part to be suspended. This type of sentence, while arguably constituting the imposition of a jail term as a condition of probation, is expressly authorized by C.Cr.P. Art. 894, which permits the trial court in misdemeanor cases to suspend the imposition or execution of the whole or any part of the sentence in placing the defendant on probation.
[2] The amended sentence must be set aside in any event, because it is illegal in that it may be interpreted to expose defendant to seven months imprisonment, which is more than the statutory maximum. Of course, if the added condition of probation were otherwise legal, it would be a simple matter for the trial judge to clarify his probable intent that the one-month imprisonment is part of the six months originally imposed, so that only five months would remain to be served if probation is violated after the one-month period is served.