851 So.2d 1173 (2003)
Gerald "Buzz" BREAUX, as President of the Parish of Lafourche
v.
LAFOURCHE PARISH COUNCIL.
No. 2002 CA 1422.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
Rehearing Denied August 25, 2003.
*1174 Leslie Clement, Jr., Thibodaux, Council for Plaintiff/Appellee Gerald "Buzz" Breaux, as President Of the Parish of Lafourche.
Phillip E. Foco, W. Shelby McKenzie, Baton Rouge, Council for Defendant/Appellant Lafourche Parish Council.
Before: FOIL, McCLENDON, and KLINE,[1] JJ.
McCLENDON, J.
This is an appeal from specific portions of a declaratory judgment imposing limits on the Lafourche Parish Council's authority to contract by resolution on behalf of the Parish and, additionally, ruling that LSA-R.S. 42:263 is constitutional as it applies to Lafourche Parish. For the following reasons, we affirm in part and reverse in part.

FACTS AND PROCEDURAL HISTORY
On May 4, 2001, Gerald "Buzz" Breaux, as President of the Parish of Lafourche (the Parish President), filed a petition for declaratory judgment and injunctive relief against the Lafourche Parish Council (the Council) asserting that the Council had circumvented the provisions of the Lafourche Parish Home Rule Charter (the *1175 Charter) by improperly and illegally utilizing resolutions and/or motions, rather than ordinances, to enter into contracts.
The matter was heard, judgment rendered and each party thereafter filed a motion for new trial. The motions were heard and on March 18, 2002, judgment was signed.[2] It is from this judgment that the Council appeals assigning the following specification of error:
The trial court erred in imposing limits other than those found in Lafourche Parish Home Rule Charter Article IV.A on the Council's authority to contract on behalf of the Parish by resolutionadditionally and improperly restricting the Council's authority to contract to contracts which: a) only bind the Council and not the Parish, and b) pertain to internal Council matters only. Concomitantly, the trial court erred in granting the President unfettered authority, following initial approval of the budget, to contract for the expenditure of all parish funds without necessity of additional ordinance or resolution.
The Parish President answered the appeal asserting error in the trial court's judgment regarding legal representation. Specifically, the Parish President asserts that LSA-R.S. 42:263 is unconstitutional as applied to Lafourche Parish and, therefore, the trial court erred in approving the employment of legal counsel by the Lafourche Parish Council through the use of resolution.

DISCUSSION

Contracts
Pursuant to the authority of the Louisiana Constitution of 1974, the people of the Parish of Lafourche, on August 14, 1976, adopted a Home Rule Charter which became effective on October 1, 1976. The Charter was amended in an election held on January 17, 1998, and became effective, as amended, in January 2000. This is the controlling document before this Court.
Article II of the amended Charter sets forth the rules on organization, structure and distribution of powers and functions of Lafourche Parish. Article II, Section A(1) provides that the name of the governing authority is the Lafourche Parish Council and is comprised of nine members. Among the powers of the Council, Section A(9) states that the governing authority shall be vested with and shall exercise all legislative power. Other powers of the Council are enumerated and include investigatory powers as well as the power to establish and control parish agencies, levy taxes, borrow money, appropriate money (as provided in Article V), grant franchises, exercise the right of eminent domain, appoint or remove certain legislative employees, and set bonds.
Section B of Article II relates to the Parish President. The parish president is the chief executive officer. Section B(1). Section B(2) provides in part:
Except as otherwise provided in this charter, the president shall be chief executive officer of the parish and shall be vested with the executive power of the parish.
This section goes on to enumerate special powers of the president, none of which specifically include the authority to approve, sign or enter into contracts.
Article IV of the Home Rule Charter specifically addresses ordinances and resolutions. Section A regarding acts requiring the Council to pass an ordinance, provides *1176 a nonexclusive listing of acts which require ordinances, including acts which provide for the reapportionment of the Council, levy taxes or assessments, appropriate funds or adopt a budget, grant, renew or modify a franchise, provide for raising revenue, regulate parish service charges, incur debt in any manner in excess of budgeted appropriations, abandon parish property, acquire, dispose of, or lease real property, adopt or modify the official map, plat, subdivision ordinance, regulations, or zoning plan, amend or repeal any ordinance, propose amendments to the Charter, create, abolish, merge, or consolidate any parish department, office or agency, and provide fines or penalties for violation of a rule or regulation.
Section G of Article IV specifically authorizes the Council to perform certain acts by resolution and provides:
An act of the governing authority which is not to have the force of law may be enacted by resolution. Acts which may be adopted by resolution shall include but shall not be limited to one which:...
2. Approves a contract and authorizes a person to sign or execute on behalf of the governing authority a contract which has been approved...[3]
In this appeal, the Council asserts that the approval of contracts was expressly added in the Charter amendments to the list of acts which the Council may adopt by resolution subject to certain limitations expressed in the Charter. Further, the Council suggests that by also adding the phrase "in excess of budgeted appropriations" behind the phrase "incurs debt in any manner" among the acts requiring an ordinance, the Charter provides the Council authority to enter into contracts by resolutions so long as it does not incur debt in excess of budgeted appropriations. The Council argues that the Parish President since taking office in 2000 has insisted that any action by the Council which is to have legal effect, like contracts, must be by ordinance and that he has refused to acknowledge the validity of any contracts approved by the Council by resolution and further averring that the Council in approving contracts by resolution has encroached on his executive authority to "administer" the budget. Thus, the Council contends, it has been obstructed and a governmental stalemate has resulted.
Article VII, Section D of the Home Rule Charter provides:
This charter shall be liberally construed to establish for the people of this parish effective home rule, free from legislative interference as to the structure, organization and distribution of powers and functions of its government, and with the power and authority to manage its affairs as contemplated and intended by the constitution.
In Louisiana Television Broadcasting Corp. v. Total C.A.T.V., 341 So.2d 1183 (La.App. 1 Cir.), writ refused, 343 So.2d 1076 (La.1977), this Court stated:
Statutory rules of construction of laws are as applicable to municipal and parish ordinances as they are to state statutes. Liller v. Louisiana Board of Alcoholic Beverage Control, 59 So.2d 222 (La.App.Orleans 1952). When a law is clear and free from ambiguity its letter is not to be disregarded under the pretext of pursuing its spirit. LSA-C.C. Article 13. The words of a law are *1177 generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words. LSA-C.C. Article 14. When a law is clear and free from all ambiguity, it must be given effect as written. Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975). Every word in a statute must be given meaning, if possible; no word, clause, phrase or sentence of a statute shall be deemed meaningless or surplusage if a construction can be legitimately found which will give force to and preserve every word of the statute. State v. Fontenot, 112 La. 628, 36 So. 630 (1904); State v. Dozier, 258 La. 323, 246 So.2d 187 (1971). In construing a statute, legislative aim and design may be inquired into by the courts for the purpose of determining legislative intent, only when a statute is ambiguous or subject to two reasonable interpretations. Fire Department, above; State v. McCulloch, 126 So.2d 191 (La.App. 4th Cir.1961).
Louisiana Television Broadcasting Corp. v. Total C.A.T.V., 341 So.2d at 1185.
When a law is susceptible of two or more interpretations, that which affords a reasonable and practical effect to the entire act (the Charter in this case) is to be preferred over one which renders part thereof ridiculous or nugatory. Alliance For Affordable Energy v. Council of City of New Orleans, 96-0700, p. 13 (La.7/2/96), 677 So.2d 424, 431; Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La. App. 1 Cir.1984). Additionally, where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. Bunch v. Town of St. Francisville, 446 So.2d at 1360.
The words of the Home Rule Charter, the controlling document in this matter, are clear and give the Council the authority to approve contracts. Article IV, Section G. The Charter is silent with respect to any independent contracting authority by the Parish President and, according to the Charter, the executive power given to the Parish President is subject to other provisions therein. Article II, Section B(2). The document must be read as a whole to give it meaning. It is presumed that every word, sentence or provision in the Charter was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the drafters inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. Bunch v. Town of St. Francisville, 446 So.2d at 1360. Article IV, which deals with resolutions, is as much a part of the Home Rule Charter as is Article II, which sets forth the powers of the Parish President and the Council, and it must be read as such to give it a reasonable effect. Otherwise, Article IV would be without meaning and useless. Because Article IV specifically permits the Council to approve contracts, we find that the trial court erred in limiting this authority to approving contracts that only affect the Council.
Finding that the Council is given specific authority in the Charter to approve contracts, the next issue is whether it may do so by resolution or only by ordinance. The Charter clearly provides that ordinances are required in certain instances. Article IV, Section A. The Charter is also clear in that it specifically provides that the Council may enact a resolution which approves a contract when an ordinance is not specifically required. Article IV, Section G. The Charter does not say that the Council may enact a resolution *1178 which approves a contract that only benefits the Council itself. There is no such limiting language. According to the words of the Charter, the Council may approve a contract by resolution and it may also authorize a person to sign or execute on behalf of the governing authority (the Council) a contract which has been approved by resolution. Article IV, Section G(2).
Additionally, according to Article IV, Section A(7), an ordinance is required when the Council incurs a debt "in excess of budgeted appropriations." This implies therefore that an ordinance would not be required if the Council incurs a debt within budgeted appropriations, and the Council can act by resolution. This is the only interpretation which gives meaning to all provisions of the Home Rule Charter.
Thus, if the Council, within a line item, wishes not to add, reduce or transfer amounts, but only wishes to specify within a line item how the appropriated funds, not yet encumbered, are to be spent, it can do so by resolution provided it does not result in a debt in excess of that budgeted line item appropriation. Accordingly, expenditures may be contractually authorized within a line item by Council resolution under Article IV, Section G, subject to the limitations of Article IV, Section A.

Legal representation
In answer to the appeal, the President asserts that the trial court erred in approving the resolution procedure used by the Council pursuant to the provisions of LSA-R.S. 42:263 to employ an attorney to represent it in this proceeding.
In this matter, the district attorney for the Parish of Lafourche recused himself because of a conflict of interest. The Council, following the procedures set forth in LSA-R.S. 42:263 A, appointed an attorney by resolution.[4]
The President asserts in his answer to the appeal that this statute is unconstitutional as it applies to Lafourche Parish in violation of La. Const. Article VI, Sections 5 and 6, because it affects and changes the structure and organization of the local governmental subdivision.
The Louisiana Constitution of 1974, Article VI, Section 5 provides that any local governmental subdivision may draft, adopt, or amend a home rule charter.[5] Article VI, Section 6 provides:
The legislature shall enact no law the effect of which changes or affects the *1179 structure and organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision which operates under a home rule charter.
The Home Rule Charter is silent regarding the employment of legal counsel. Therefore, pursuant to LSA-R.S. 16:2 E, the Lafourche Parish District Attorney's Office usually serves as legal counsel for the Lafourche Parish Council.[6] However, since the district attorney declined to represent the Council in this matter, it employed counsel by resolution in accordance with LSA-R.S. 42:263 A. It is not disputed that the Council followed the statutory procedure for obtaining special counsel by resolution. The trial court in considering the matter determined that the statute was not unconstitutional, stating:
Representation by counsel for advice and response to a lawsuit is not a matter of structure and organization. It is a matter of legal representation. To prevent legal representation when an entity is clearly entitled to legal representation has more effect on the powers and structure and function and organization of the government than the grant of authority to retain counsel in special matters. I believe that the statute, title 42, section 263 allows and requires a resolution for that selection process.
We agree and do not believe that LSA-R.S. 42:263 abridges or impinges upon the local government's structure or organization or distribution of powers and functions. We therefore do not find that the statute is unconstitutional as it applies to Lafourche Parish.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed insofar as it 1) imposes limits not found in the Home Rule Charter on the Lafourche Parish Council's authority to approve contracts on behalf of the Parish by resolution, subject to the limitations of Article IV, section A of the Charter, and 2) authorizes the Parish President to contract for the expenditure of all parish funds without the necessity of additional ordinance or resolution. The judgment of the trial court finding that LSA-R.S. 42:263 is not unconstitutional as it applies to Lafourche Parish is affirmed. Each party shall bear its own costs.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] Hon. William F. Kline Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The general topics of the issues reviewed and ruled on by the trial court were: contracts, parish agencies, ordinance procedure, cooperative endeavors, roads and streets, compensation, and legal representation. In this appeal, the Council seeks review of only that portion of the judgment pertaining to contracts.
[3] We note that one version of the amended Charter included in the record herein added the new language "Approves a contract" at the beginning of Section G.3 rather than at the beginning of Section G.2. Also that same version of the Charter includes the word "previously" in Section G.2 before the word "approved." However, the most current version of the Home Rule Charter made part of the record herein, places the language regarding approval of contracts in Section G.2 and does not include the word "previously."
[4] LSA-R.S. 42:263 A,provides:

No parish governing authority, levee board except as provided in Subsection B hereof, parish school board, city school board, or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish.
[5] La. Const. Art. VI, Section 5 provides in pertinent part.

(A) Authority to Adopt; Commission. Subject to and not inconsistent with this constitution, any local governmental subdivision may draft, adopt, or amend a home rule charter in accordance with this Section. The governing authority of a local governmental subdivision may appoint a commission to prepare and propose a charter or an alternate charter, or it may call an election to elect such a commission.
* * *
(E) Structure and Organization; Powers; Functions. A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
[6] LSA-R.S. 16:2 E provides:

E. In the parish of Lafourche, the district attorney shall ex officio and without extra compensation, general or special, be the regular attorney and counsel for the parish governing authority, the school board, and every state board or commission domiciled therein, including levee boards, hospital and asylum boards, education boards, and all state boards or commissions the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority.