Statement of the Case.
NICHOLLS, C. J.
The defendant Zack Fontenot, charged under an information with having feloniously, willfully, and maliciously set fire to and attempted to burn a lot of wooden box seats of a certain merry-go-round ■outfit belonging to Alexander Hardesty, with intent thereby to injure the said Alexander Hardesty, was convicted and sentenced to the State Penitentiary for the space of one year.
He moved in arrest of judgment on the ground that the information under which he was tried and convicted did not set forth any ■crime known to the laws of Louisiana. He urges under this motion that the articles which the accused is charged with having set fire to do not fall under any of the terms ■of section 847 of the Revised Statutes, upon which information is based.
Section 847 of the Revised Statutes reads as follows: “Every person who shall wilfully and maliciously set fire to or burn, or attempt to set fire to or burn, any bridge, shed, railroad, plank-road, railroad car, carriage or other vehicle, or any goods, wares or merchandise, or any stack, bale or heap of hay, fodder, grain, corn or other produce, or any crop of cotton, grain or produce or grass growing or standing in the field or pasture or enclosure of another, used as a pasture or any nursery, orchard, or trees not his own or any fence around any field, farm, or enclosure of another, or any cordwood in the cord or any coal in a coal boat, coal yard or in a pile on the levee or in the street, not belonging to himself, shall on conviction be imprisoned at hard labor for not less than one year nor more than five years.”
Counsel of defendant says: “The box seats of a merry-go-round outfit are not specifically included among the objects which it is made a crime to willfully and maliciously set fire to. * * * Therefore, if it be a crime to set fire to [the same], such property must be included in some general term found in the statute.” That “it is elementary that the criminal statutes are to be strictly construed. Therefore the thing denounced must come within the words of the statute, as well as the mischief to be remedied.” That Bishop on Statutory Crimes, § 220, says: “ ‘In strict construction, no case is brought within the statute unless completely within the words, or, otherwise expressed, within mischief, not words.’ ” That the doctrine stated by Hawkins was: “ ‘No parallel case which comes within the same mischief shall be construed to be within the purview of it [the statute] unless it can be brought within the meaning of the words.’ In slightly different language, though a ease of this sort is fully within the same mischief to be remedied, and is even of the same class and within the same reason as other cases enumerated in the statute, construction will not be permitted to bring it within the statute, unless it is also within the statutory words.” That “the correctness of the principle stated by Bishop could scarcely be deni d,” and it could not be denied that the box seats of a merry-go-round outfit were “not specifically *631 mentioned in the statute.” That it was contended in the court below that they were included- in the words “goods, wares, or merchandise,” found in the statute, or, rather, in the word “goods.” That, “according to the Century Dictionary, ‘goods’ means ‘mot - able effects or personal chattels, articles of portable property as distinguished from money, lands, buildings, ships, rights in action, etc.; as, household goods. * * * Specifically — 6: pi. (a) Articles of trade; commodities; wares; merchandise. * * * (b) A piece of dry goods; a textile fabric; cloth of any kind: as, will these goods (that is. this piece of goods) wash?’ ” That “a better, terser, and more comprehensive definition is given by the Standard Dictionary, as follows: ‘Personal property; especially portable chattels; in a still more restricted sense, commodities bought and sold; wares; merchandise; in a wider sense, property of any kind; formerly also used in the singular. “With all my worldly goods I thee endow.” Book of Common Prayer, Solemnization of Matrimony.’ ” That “it is perfectly clear that the word ‘goods’ was not used in the statute in its wider sense, so as to include all property, whether real or personal, because the arson or attempted arson of a certain class of real property was mentioned in four or five sections of the Revised Statutes, and because, in the same section in which this word is found, other classes of immovable property are enumerated. Nor can the word be used in its larger signification in regard to personal property, so as to include all personal property specifically enumerated —such as, for instance, a railroad car, a carriage, or other vehicle; a stack, bale, or heap of hay, fodder, grain, corn, or other produce; cord wood in the cord; coal in a coalboat, coalyard, or in a pile on the levee or in the street.” That “there is no process of reasoning by which the word ‘goods’ can be made to include, because of its general significance, the box seats of a merry-go-round outfit, and not include the other movable effects above enumerated.” That “therefore the word ‘goods’ must have been used in its restricted sense, meaning commodities bought and sold, ‘wares and merchandise’ being used synonymously with the word ‘goods.’ The word ‘or,’ preceding the word ‘merchandise,’ shows that the three words were used in the phrase as alternative terms.” That “Bishop, in Statutory Crimes, § 344, in discussing the meaning of the words ‘goods and chattels,’ proceeds as follows: ‘Some of the differences [of the different courts], and perhaps all, are reconcilable by consideration of the differing connections in which the words stand in the respective statutes. Thus, under an enactment against the larceny of “any goods, wares or merchandise, in any vessel upon any navigable river,” the word “goods” was construed not even to extend to dollars, or Portugal money, not current by proclamation; but the reason appears to have been that, as it was connected in the clause with “wares or merchandise,” the latter limited its meaning.’ ”
In a note referred to to sustain the principle stated in the last sentence, he referred to section 245 of the book quoted from, the last paragraph of which reads as follows:
“ ‘When specific and general terms in a statute are ’ mingled, the meaning of the whole is, in various circumstances, less broad than if the general were employed alone. Or, in the words of Lord Bacon, “as exception strengthens the force of a law in cases not excepted, so enumeration weakens it in cases not enumerated.” ’ ” That “the rule that enumeration weakens the force of general words was much more applicable to the case under discussion than to that referred to in section 344 of Bishop, because in that case the meaning of the word ‘goods’ was held to have been restricted because it was followed by the words ‘wares or merchandise,’ but the word ‘goods’ is further restricted by the enumeration of several items *633 of personal property which would have been included in its terms just as well as the box seats of a merry-go-round outfit if the word ‘goods’ had been used in its most general signification. Therefore the word ‘goods’ must be held to mean, in the statute in question, commodities bought and sold or dealt in by merchants.” That under the rules criminal statutes are to be strictly construed, and that no case is to be brought within the statute unless completely within its words; that words are to be construed according to their context, and that enumeration weakens the scope of the meaning of general words; that the case at bar did not come within the statute, and the act charged against appellant was therefore no crime, since it was hornbook law that there are no crimes .in Louisiana save such as are made so by statute; that the alleged crime in this case might come within the mischief of the statute, but it certainly did not come within the letter; that the remedy lies with the Legislature, and not with the courts; that, in states where crimes are purely statutory, new cases are continuously arising, calling for additional statutes making certain acts criminal which had not been such before; that the very section of the Revised Statutes in question was an illustration of this well-known fact, since the amendment of 1888 was to add certain classes of immovables to those already enumerated in the statute, the willful and malicious burning of which was to be punished; that the motion in arrest of judgment should be sustained, the indictment herein quashed, and the defendant and appellant discharged.
In their brief, counsel of the state refer (but more fully) the court to the definitions of the word “goods” as found in the Century Dictionary, and they additionally refer it to the decisions cited in the fourteenth volume of the American & English Encyclopedia of Law, under the same heading (“Goods”), on pages 1079 and 1080. Among the references made on behalf of the state we find the following: “ ‘Biens.’ In McCaffrey v. Woodlin, 65 N. X. 468, 22 Am. Rep. 644, it was said: ‘The corresponding Norman French term, “biens,” is said to include property of every description, except estates of freehold.’ Bouvier’s Diet. tit. ‘Biens.’ Lord Coke says: ‘Goods,’ ‘biens’ includes all chattels, as well real as personal.” Ooke, Litt. 1180; Williams on Personal Property, 2.
“The court said: ‘In Tree v. Hukill, 44 Ala. 197, the word “effects” was held to be sufficient appellation of property, within the meaning of the statute. The term “goods” has as extensive a legal signification as “effects,” and has even been applied in the civil law to real estate, though it has no such application in our law.’ Hafley v. Patterson, 47 Ala. 272.
“In Curtis v. Philipps, 5 Mich. 112, it was said that the term ‘goods,’ when used in contradistinction to ‘real estate,’ would doubtless include all kinds of movable personal property.” '
Counsel of the state say: “It will be seen that the word ‘goods’ has very extended signification. It has been determined as synonymous with, or including in its meaning, wares, commodities, chattels, effects, property, both real and personal, and merchandise.
“ ‘Arson,’ as originally defined by the common law, was much more contracted in its meaning than as it appears in statutory law, and, as stated by a text-writer: ‘Many of the niceties and distinctions which hitherto existed as to what were and what were not subjects of the crime have been taken away by statutes which have so extended its bounds as to make the punishment of malicious burning equally extensive with the mischief. Statutory arson is not merely an offense against the security of the habitation, but against the rights of property as well.’
“It is very evident that section 847 of the Revised Statutes was passed for the purpose *635 of punishing offenses which were not embraced in any previous statutes, and section 847, so far from using the words ‘goods, wares, and merchandise’ in the very narrow sense which is attached to them by the counsel for defendant, was expressly used to embrace all the class of cases which by jurisprudence properly belongs to them.”
Opinion.
The words “goods, wares, and merchandise,” used in combination, are often taken, in popular acceptance, to mean, as counsel for defendant suggests, articles such as are usually kept in stock for sale hy merchants or dealers. While in section 847 these words follow each other, the word “goods,” the word “wares,” and the words “and merchandise” are separated hy a comma. The word “goods,” taken hy itself, is a very comprehensive one, and corresponds with the words “bona” and “biens.”
Article 439 of our Civil Code of 1825, says, “Le mot ‘bien’ se dit en général de tout ce qui peut composer les riehesses et la fortune des citoyens; ce terme est également relatíf au mot ‘chose’ qui est le second objet du droit dont les regles doivent s’appliquer aux personnes, aux choses, et aux actions.”
In the English text of that article the word “biens” is translated “estate.”
Article 450 of that Code reads, “Les ‘choses’ qui sont dans le domaine de chaqué individu forment les ‘biens’ et les riehesses particuliers.”
The English translation of that article is, “Private estates and fortunes are those which belong to individuals.”
Article 452 reads, “Enfin une troisiéme division des ‘choses’ ou ‘des biens’ est en meubles et en immeubles.”
The English translation of this is, “The third and last division of things is into movables and immovables.”
- Tinder the heading “Movables,” in that Code, we find article 464 reading: "Les biens sont meubles par leur nature ou par la distinction de la loi.”
The English translation reading, “Estates are movable by their nature or by the disposition of the law.”
Article 449, referring to “things” which belong in common to the inhabitants of cities and other places, declares them to be of two-kinds, as follows: “Les ‘biens’ communaux dont 1’usage est commun & tous les habitants d’une ville et méme aux étrangers tels que les rues, les places publiques, les quais,” etc. “Les ‘biens’ communaux qui quoiqu’ils appartiennent á la corporation d’une ville ne sont pas a l’usage commun de tous les habitants mais peuvent étre employés pour leur avantage par Padministration des revenus de la Corporation de cette ville.” The English text of that article uses the words “common property” for the words “biens communaux.”
Under the heading “Movables,” article 467 uses the following language: 1‘Sont réputés meubles toutes les choses, soient corporelles, soient incorporelles qui n’ont pas le earaetére d’immeubles par leur nature ou par la disposition de la loi suivant les régles qui sont prescrites dans ce titre.” This is followed by article 470, reading as follows: “L’expression ‘meubles’ celle de ‘mobilier’ ou d’effets mobiliers employés ainsi qu’il est dit cidessus comprennent généralement tout ce qui est cense meuble d’apres les régles établies dans ce titre.” In the English text the translation is, “The expression of ‘movable goods,’ that of ‘movables’ or ‘movable effects,’ employed as above stated, comprehends generally all that is declared to be movable according to the rules laid down in this chapter.”
It will be seen from these citations how very broad the word “biens,” or otherwise “goods,” is, and that it frequently covers immovables as well as movables. The word “goods” is wider than “movables,” for, as *637 seen, the lawmaker refers in article 470 to “movable goods” as a subordinate class of “goods.”
(May 23, 1904.)
The word “goods,” declared as it is in section 847 of the Revised Statutes to be one of a class of things, the setting fire to which is made a crime,- we are called upon to say whether the fact that specific articles which could properly fall under that term are particularly mentioned in the section has the effect of excluding from the operation of the statute all articles not expressly recited. If everything so specifically mentioned in the section would fall under the term “goods,” even if not so mentioned, the express mention of the same might be unnecessary. Defendant’s contention is practically that this mention of specific things as falling under the operation of the statute makes the list of things mentioned constitute an enumeration by the . lawmaker of the precise objects which he intended should be covered, and that the list can be extended or added to only by legislation. Opposed to this is the view that the naming of specific articles in the section would be merely “surplusage,” which would leave the comprehensive and generic term “goods” to be given full effect to, and allow not only the things mentioned to fall under, but all other things which would legitimately fall under it.
There is a rule under which general expressions used in the first part of an instrument are sometimes held restrained by subsequent words which would indicate an intended limitation upon them. There is, however, also a rule that, where general terms are used, the making of special provision for specific cases does not on that account restrict the general terms to the single cases provided for, where the intent is to make, beyond a doubt, the particular cases provided for fall within the scope of the general terms.
We are inclined to hold in this ease, and do hold, that the general terms of the statute must be given full scope to, and that the naming of the particular objects, as falling under the operations of the section, should be treated as unnecessary, as surplusage, and should not be given the force and effect of an enumeration of the objects covered by its terms.
For the reasons assigned, it is hereby ordered and decreed that the judgment appealed from he affirmed.
PROVOSTY, X, dissents.