On Rehearing.
LECHE, J.
At some time previous to the filing of the present action plaintiff had sued defendant for damages alleged to have been suffered by reason of personal injuries inflicted upon him through the alleged negligence and while in the employ of defendant, in operating a derrick in the oil fields of Caddo parish. He therein pitched his cause of action on the authority of article 2315, O. 0. He was met with an exception of no cause of action, which was sustained by the district court on the ground that he had failed to allege that Act 20 of 1914, the Burke-Roberts Employers’ Liability Act, which was then in force, did not apply to his cause/of action, and his suit was dismissed.
Later on then, on January 31, 1916, he filed the present suit, in which he recites the same facts and reiterates his-demand against the same defendant, again pitching his cause of action under article 2315, O. 0., but in deference to the ruling of the district court in his prior suit he further alleges that he did not contract expressly or impliedly with the said defendant company to operate under the provisions set forth in Act 20 of 1914, and that the said employment and business engaged in by petitioner is not controlled and determined by the provisions of said act, further pleading in the alternative that, if the court should hold that the injuries above set forth and the employment between petitioner and defendant are controlled and governed by said Act 20 of 1914, then, in that event, petitioner avers that said act is unconstitutional, null, and void, for various reasons which he proceeds to plead in detail.
He finally prays for judgment against defendant in the sum of $20,250, and in the alternative, if the court should hold that defendant’s liability is to be determined by Act 20 of 1914, he prays for judgment in the sum of $4,000, etc.
To this demand defendant then pleaded res judicata, and in the alternative no right or cause of action.
Both of these exceptions were overruled by the trial court.
Defendant next filed a motion praying that plaintiff be ordered to elect whether he bases his demand on article 2315, O. C., or on Act 20 of 1914. This motion was also overruled.
Defendant having then answered the merits of plaintiff’s petition, the case was tried, and a judgment was rendered against plaintiff on his cause of action under article 2315, O. C., but in his favor and against defendant under the provisions of Act 20 of 1914 for the sum of $331.43, with interest, plaintiff, however, to pay all costs.
From this judgment, both parties appealed.
Opinion.
[3] We believe that the rulings of the district court on the plea of res judicata, the ex *373 •ception of no cause of action, and upon the motion to elect were correct and proper.
“A judgment sustaining an exception of no ■cause of action on the technical ground that the plaintiff omitted a necessary allegation is, in effect, a judgment of nonsuit, and does not preclude the plaintiff from renewing his demand on sufficient allegations.” Laenger v. Laenger, 138 La. 532, 70 South. 501.
That is precisely what plaintiff did in the present suit, and the quoted ruling disposes of the plea of res judicata.
[4] The exception of no cause of action is based on the fact that, plaintiff’s remedy being for compensation, exclusively, under Act 20 of 1914, and not for damages under article 2315, C. C., he failed to allege that defendant disputed his right to compensation, a necessary allegation in proceedings under that act. This argument assumes for granted the fundamental issue in the case, and that is whether his right to damages rests on article 2315, O. C., or on Act 20 of 1914. It involves the existence of a fact which is negatived in the allegations of the petition, viz. that plaintiff’s employment was actually or impliedly under the provisions of said act. This issue can only be disposed of in the trial of the merits of the case.
The motion to elect is not argued in defendant’s brief, and we see no merit in it.
We believe that the trial judge erred in holding that plaintiff’s remedy for redress of his alleged injuries rests upon the provisions of Act 20 of 1914. By the very terms of that act it cannot apply to plaintiff. He was employed on March 12, 1915, and his injury was suffered on March 27, 1915, 19 days after his contract of employment was entered into. Paragraph 1 of section 3 of the act in question provides that the said act shall not apply to any employer or employe, etc., unless prior to the injury they shall have •so elected by agreement, either express or implied, etc.
It is not disputed that there was no express agreement between plaintiff and defendant as to whether plaintiff’s employment was made subject to the provisions of the act.
Paragraph 3 of the same section, which regulates the manner in which, where there is no express agreement, such agreement shall be implied, provides that every contract of hiring, etc., made subsequent to the time provided for this act to take effect shall be presumed to have been made subject to the provisions of this act, unless there be as a part of said contract an express statement in writing not less than 30 days prior to the accident, etc., that the provisions of this act, etc., are not intended to apply, etc.
The trial court held, in effect, that this last provision was inconsistent with the first-quoted one, and that, being later in the order of adoption, repealed, in so far as it was inconsistent therewith, the first paragraph of the same section. In accordance with this interpretation, it held further that plaintiff came under the provisions of the act, because he had not notified his employer, defendant, to the contrary, not less than 30 days prior to the accident.
[5] It is a well-established rule that:
“In giving construction to a statute, the courts are bound, if it be possible, to give effect to all its parts. No sentence, clause, or word should be construed as unmeaning and surplusage, if a construction can be legitimately found which will give force to and preserve all the words of the statute.” Black on Interpretation, p. 83, quoted in State v. Fontenot, 112 La. 641, 36 South. 630.
It is also the duty of the court, so far as practicable, to reconcile the different provisions of a statute so as to make them consistent and harmonious, and to give a sensible and intelligent effect to each. 36 Oyc. 1129.
[6] If then paragraph 3 of section 3 of Act 20 of 1914 is interpreted as applying only to contracts of employment that have been in existence more than 30 days, it is made to harmonize with the provision of *375 paragraph 1 of the same section, and each paragraph is given a sensible and intelligent effect. It is inconceivable that a contract of employment made less than 30 days before an accident could contain a notice which would precede the accident by not less than 30 days. The conclusion is then obvious that the plaintiff’s contract of employment, not having been in existence 30 days, must be gauged by paragraph 1, and is excluded from the operation of the statute. Being then of opinion that plaintiff’s right, if any, should be exercised under article 2315, O. C., it is unnecessary to discuss the constitutionality of Act 20 of 1914.
The district court not having passed, upon and adjudicated the rights of plaintiff under the provisions of article 2315, O. C., which is the law of the case, and this court not having original jurisdiction in the matter, our former judgment as well as the judgment appealed from must he set aside, this cause must be remanded to the district court, there to be proceeded with in accordance with the views herein expressed, and it is so ordered. It is further ordered that defendant pay costs of appeal.