(116 So. 175)

No. 26917.

## Succession of HILL.

March 12, 1928.

*(Syllabus by Editorial Staff.)*

Wills ⊂⇒566—Clause bequeathing "all goods of whatsoever description," following bequest of wearing apparel, held not to include bonds and cash not disposed of.

Clause of will bequeathing "all wearing material clothes and embroideries and all goods of whatsoever description" *held*, not to include bequest of bonds and cash not otherwise disposed of by testatrix; the phrase "all goods of whatsoever description" including only goods of like character as those named, especially in view of fact that testatrix had specifically bequeathed two bonds to such legatee.

Appeal from Civil District Court, Parish of Orleans; William H. Byrnes, Judge.

In the matter of the succession of Mrs. Lillian Hill, deceased. The Whitney-Central Trust & Savings Bank was appointed executor of the will, and from a judgment relative to the executor's account, involving an interpretation of the will, Eliza Perrond, a legatee, appeals. Affirmed.

André Lafargue, Roger Meunier, and Jules A. Grasser, all of New Orleans, for appellant.

Denegre, Leovy & Chaffe, of New Orleans, for appellees Mrs. Mary Twomey Hall and others.

O'NIELL, C. J. Mrs. Lillian Hill, a resident of New Orleans, died leaving as her heirs at law two brothers and a sister living in Louisville, Ky., and a sister in Stuttgart, Ark. The deceased left an estate valued at $33,-361.27, consisting of twenty-five registered 5 per cent. bonds of the port commission of Louisiana, valued at $24,750; cash in bank, $1,-752.27; jewelry valued at $6,627.75; and baggage and contents consisting of clothes and personal effects, valued at $231.10. The deceased left a will, in her own handwriting, in which she bequeathed to a Mrs. Cobb, of New York, all of her jewelry, and fifteen of the port commission bonds; to a Mrs. Care, in Ardmore, Pa., one of the bonds; to a Mrs. Swoboda, in Geneva, Switzerland, one of the bonds; and to Eliza Perrond, in Fribourg, Switzerland, two of the bonds; and in the last paragraph of the will she said:

"All wearing material clothes and embroideries and all goods of whatsoever description to Eliza Perrond."

The Whitney-Central Trust & Savings Bank was appointed executor of the will, and, after delivering the special legacies, consisting of the jewelry and nineteen of the port commission bonds, proposed to deliver to Eliza Perrond the baggage and contents, consisting of clothes and personal effects, and to deliver to the two brothers and two sisters of the deceased, share and share alike, the remainder of the port commission bonds and cash in bank. Eliza Perrond claimed the remainder of the estate, that is to say, the remaining six port commission bonds and the cash in bank, as being included in the legacy of "all goods of whatsoever description to Eliza Perrond." The executor contended, and the court held, that the description "and all goods of whatsoever description," following immediately the descriptive language, "All wearing material clothes and embroideries," meant all goods of a somewhat similar character and therefore included only the trunks and their contents of personal effects, which consisted of fur neck pieces, fur muffs, parasols, ostrich plumes, fans, hats, chinaware, miscellaneous clothing and laces, shoes, religious pictures, souvenirs, toilet articles, silver knife, manicure scissors, buffers, table linen, gloves, a fountain pen, and other trinkets, all appearing on the inventory and appraised at $231.35. Eliza Perrond has appealed from the decision.

We agree with the district court that it is not likely that the testatrix intended that the expression "and all goods of whatsoever de-

scription" should include the six port commission bonds, not otherwise disposed of in the will, and the cash in bank. The remaining six bonds and the cash in bank was the only property of the testatrix that was not disposed of by the will. Negotiable bonds and cash in bank are never called "goods," unless, perhaps, in the expression "worldly goods."

What especially makes it unlikely that the testratrix intended that the bequest of "all wearing material clothes and embroideries and all goods of whatsoever description" should include the six bonds not otherwise disposed of in the will, and the cash in bank, is the fact that, in the paragraph immediately preceding that bequest, the testatrix gave to Eliza Perrond two of her twenty-six bonds. Why give Eliza Perrond a special legacy of two bonds if all of the bonds undisposed of otherwise in the will were intended to be included in the expression "and all goods of whatsoever description?" In Lartigue v. Duhamel's Executor, 4 Mart. (N. S.) 664, there was a legacy of "la somme de $1,000, tout ce qui composera mon mobilier, bijoux et argenterie," meaning, "the sum of $1,000, all that composes my movable effects, jewels and silverware." The legatee contended that the expression "tout ce qui composera mon mobilier,"—all that makes up my movable estate—included all of the testator's money; but the court ruled that the fact that, in the same bequest, the testatrix bequeathed to the legatee the exact sum of $1,000 showed that she did not intend to give the legatee all of her money. Justice Martin, for the court, said:

"In the present case, it is impossible to conclude that the testatrix meant under the expression 'mon mobilier' to bequeath her money, jewels, and plate; for she begins by bequeathing $1,000, then her jewels, then her plate."

Appellant's attorneys cite the case of State v. Fontenot, 112 La. 628, 36 So. 630, where the court said that the word "goods" was "a very comprehensive term—broader even than the expression 'movables.'" That statement, however, was made in the original opinion rendered in the case and was virtually withdrawn in the opinion rendered on rehearing, reversing the judgment originally rendered. The case was a criminal prosecution. The question was whether an indictment, charging that the defendant had maliciously set fire to a merry-go-round outfit, was a valid indictment for violation of section 847 of the Revised Statutes, denouncing the setting fire to or burning any bridge, shed, railroad, plankroad, railroad car, carriage or other vehicle, or any goods, wares or merchandise, etc. The ruling, on rehearing—reversing the original ruling—was that the indictment did not charge a violation of the statute, without an allegation that the merry-go-round outfit formed part of a stock of goods, or was being held as an article of trade. The decision, therefore, is unfavorable to the appellant's contention in this case.

The judgment is affirmed.