552 So.2d 63 (1989)
Anthony J. ROY, Jr., Plaintiff-Appellee,
v.
AVOYELLES PARISH SCHOOL BOARD, Thirteen Individual Members of the School Board, Carlos Mayeux, Director of Finance of the School Board, Defendants, and
The Union Bank, Defendant-Appellant.
No. 88-740.
Court of Appeal of Louisiana, Third Circuit.
November 8, 1989.
Rodney Rabalais, Marksville, for plaintiff-appellee.
David Lafargue, Marksville, for defendants, School Bd.
Darrel Ryland, Marksville, for defendant-appellant, Bank.
Before DOMENGEAUX, GUIDRY and FORET, JJ.
DOMENGEAUX, Judge.
Plaintiff, Anthony J. Roy, Jr., filed a petition for injunctive relief naming as defendants, the Avoyelles Parish School Board, thirteen individual members of the Board, the Director of Finance of the Board, and The Union Bank. After a preliminary injunction was issued by the trial court, The Union Bank appealed. The remaining defendants have not appealed and have not actively participated in the litigation other than to simply ask for a judicial *64 determination of the applicable statutory law.
Plaintiff filed suit as a taxpayer and citizen of Avoyelles Parish. Relying on La. R.S. 39:1220A(2), he sought to have the Avoyelles Parish School Board enjoined from depositing certain funds into its accounts with The Union Bank, its fiscal agent. Section 1220A(2) provides that no depositing authority shall deposit any amount in excess of the combined capital stock, declared surplus, and undivided profits of the fiscal agent bank. The trial court denied The Union Bank's exception of no right of action and then granted the injunction, relying on the clear and unambiguous language of R.S. 39:1220A(2). The Union Bank appealed both the denial of its exception and the judgment granting the injunctive relief sought. We affirm.

I. RIGHT OF ACTION
The threshold issue questions plaintiff's standing or right to bring this action. Plaintiff maintains that he, as a resident and taxpayer of Avoyelles Parish, has a right to restrain unlawful action by the Avoyelles Parish School Board, a public entity. The Union Bank asserts that without a real and actual interest in the action, a taxpayer has no right to bring suit against a public body.
The trial court reviewed Louisiana jurisprudence concerning taxpayer plaintiffs and properly concluded that a taxpayer does have the right to enjoin unlawful action by a public body. The Second Circuit case of Davis v. Franklin Parish School Board, 412 So.2d 1131 (La.App. 2nd Cir.1982), writ denied, 415 So.2d 942 (La. 1982) articulates the rule as follows:
In League of Women Voters v. City of New Orleans, 381 So.2d 441 (La.1980), the Supreme Court was careful to point out that where a citizen was seeking to restrain unlawful action by a public entity, that citizen was not required to have the special and peculiar or particular interest required of a plaintiff who was seeking to compel the performance of a public duty.
412 So.2d at 1133.
Both League of Women Voters and Bussie v. Long, 286 So.2d 689 (La.App. 1st Cir.1973) recognized the exception to the general requirement that a plaintiff have a particular or special interest when seeking to restrain an unlawful act. The Davis and Bussie plaintiffs were both taxpayer plaintiffs seeking to restrain an action and they were properly allowed to bring suit. The League plaintiff, conversely, was seeking to compel an action and the Supreme Court denied the League's right to bring suit. The Court did, however, express its approval of the Bussie holding.
The case before us is analogous to the Davis case. The plaintiff herein seeks to restrain action by a public entity that affects the public fisc. The right to bring such an action is firmly established in the jurisprudence of this state and we will not deny that right today. See also Suarez v. Police Jury of the Parish of St. Bernard, 203 La. 680, 14 So.2d 601, at 603 (La.1943).

II. INTERPRETATION OF R.S. 39:1220A(2)
Relying on the unambiguous language of Section 1220A(2), the trial judge enjoined the School Board from making deposits at The Union Bank in excess of the combined capital stock, declared surplus, and undivided profits of The Union Bank. Judicial interpretation of this statutory provision is res nova; therefore, we have relied upon statutory language and analogy, as well as the persuasive opinions of the Attorney General, in reaching our decision.
The School Board designated The Union Bank as its fiscal agent in accordance with La.R.S. 39:1211-39:1235. Section 1220 generally defines the qualifications banks must satisfy to be selected as depositories for funds of local depositing authorities such as the Avoyelles Parish School Board. Subsection 1220A(2) states that "no amount in excess of the capital stock, declared surplus and undivided profits of any bank shall be deposited in any one *65 bank by one depositing authority." The apparent purpose of this statute is to safeguard public funds.
The Union Bank met all qualifications at the time of the School Board's selection. However, by the time suit was filed, the School Board's deposits exceeded the amount described in Section 1220A(2). The Union Bank argues that once it met the requirements for selection as a fiscal agent at the moment of its selection, it need not meet those requirements throughout the duration of the fiscal relationship. In support of its position, the bank relies on the language of Section 1220 which indicates its pertinence to the selection of depositories. The bank also argues that another provision, Section 1225, requires security for a public entity's deposits, thereby negating any need for a continuing limit on deposits.
Addressing the bank's first contention, we note initially that the heading of the section, "Selection of Depositories," is of no consequence. La.R.S. 1:13 provides that headings are merely for convenient reference and do not constitute part of the law. Furthermore, while Section 1220 does list the qualifications and requirements for the initial selection of depositories, it does not state that those qualifications and requirements are not continuing. Certainly Sections 1220A(4) and (5), which pertain to loans and assessments, provide for future transactions between the bank and the depositing authority beyond the initial selection. So, too, does Section 1220A(2).
We now address the question of whether compliance with the security requirements of Section 1225 serves to delete the deposit limits of Section 1220A(2). In his oral reasons for judgment, the learned trial judge compared the provisions at issue herein with the depository provisions pertaining to municipalities over 150,000 in population. We believe this analogy to be of particular significance in determining the legislative intent:
Now, just for purposes of analogy, I looked at other areas of depositories. There is a special section in Title 33 dealing with [the] governing body of a municipality of over 150,000. Not a great deal of difference in here, but something a little bit significant. Now, the captionthis is R.S. 33:2929. This is dealing with depositaries or depositories of cities. The title of the caption is SECURITY REQUIRED. It's not as the title in Selection of Depositories, as the one that we've been talking about. It's got a different title. It's entitled SECURITY REQUIRED. Paragraph 3 says:
The par value of the securities held by any depositing authority shall at all times be equal to one hundred percent of the amount on deposit to the credit of the depositing authority.
And right under it, B, very next to it:
No funds in excess of the capital stock and declared surplus of any bank shall be deposited in any depository.
One right behind the other. It's a little bit more dramatically shown here than it is in Title 39, relating to police juries and school boards ... [W]ith respect to cities, the one right behind the other, there can be no question but that one is not in lieu of the other.
The provisions in both titles are clear and are unambiguous. In neither title is the deposit limit in lieu of the security requirement; rather, one is in addition to the other.
Because we are aware of no cases on point, we have considered two Attorney General opinions which interpret Section 1220A(2). While Attorney General opinions are advisory only and are not binding on the courts, we find that those cited herein are persuasive and support the conclusion we have reached today. Both Op. Atty.Gen. No. 87-492 (September 11, 1987) and Op.Atty.Gen. 1928-30, p. 15, support the position that Section 1220A(2) is a mandatory provision that is not merely in lieu of Section 1225. The older opinion concludes that a tax collector of a parish who deposited with its fiscal agent bank an amount in excess of the capital surplus of the bank could be held liable on his official bond for such amount as the State lost through his nonobservance of the law. *66 The more recent opinion suggests that the "primary concern and intent of the legislature in enacting R.S. 39:1220 was to require local depositories to place deposits in local banks on a proportional basis according to the assets of each bank in order to give the greatest possible protection and security to the public fisc." Op.Atty.Gen. No. 87-492 at p. 2.
We therefore agree with the trial court's well reasoned decision to uphold the clear language of Section 1220A(2). Finding no error, we affirm the judgment below.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at cost of appellant.
AFFIRMED.