702 So.2d 994 (1997)
STATE of Louisiana in the Interest of J.M.[*]
No. 97-491.
Court of Appeal of Louisiana, Third Circuit.
October 29, 1997.
*995 Robert Lane Wyatt, for State of LA., Calcasieu Parish Detention Center.
Martha Steiner Morgan, Baton Rouge, Richard L. Stalder, for State of LA., Dept. of Public Saf. & Corr., et al.
Before WOODARD, SULLIVAN and PICKETT, JJ.
SULLIVAN, Judge.
The issue in this juvenile matter is whether the trial court erred in ordering the Department of Public Safety and Corrections (DPSC), to reimburse the Calcasieu Parish Juvenile Detention Center for housing J.M., an adjudicated delinquent, for eight days on a contempt of court violation.

Facts
On November 5, 1992, the trial court, exercising its juvenile jurisdiction, declared J.M., then twelve, to be a delinquent child in need of rehabilitation after finding that she was ungovernable and that she committed the offense of criminal damage to property. The trial court committed J.M. to the DPSC pending further orders but not beyond her eighteenth birthday, with the recommendation that she be placed in a residential facility best suited for her needs.
J.M. remained in the DPSC's custody through December 8, 1995, when the trial court transferred legal custody to her mother, subject to supervised probation by the DPSC. On October 28, 1996, J.M. was charged with violating her probation by failing to attend school regularly and disobeying curfew restrictions. After a disposition hearing on December 6, 1996, the trial court again adjudged J.M. a delinquent in need of rehabilitation, finding her in violation of her probation and in contempt of court.
In the first of two judgments signed that date, the trial court found J.M. to be "a Proper Person for commitment to or placement with" the DPSC. In the second judgment, the "judgment of disposition," the trial court continued J.M.'s probation, with the condition that she serve thirty days in the parish juvenile detention center for the contempt violation. J.M. reported to the detention center on December 6, 1996, where she remained until her early release on December 13, 1996.
*996 On December 9, 1996, the trial court signed a third judgment relating to J.M.'s detention. On motion of the assistant district attorney, the trial court ordered that J.M. be placed in the custody of the DPSC retroactive to the date of her detention, December 6, 1996, "for the purpose of payment to the Calcasieu Parish Juvenile Detention Center, ... with payment to end the date said juvenile is released...."
The DPSC has appealed from these three judgments, assigning two errors. First, the DPSC objects to the language that retroactively awards custody to the DPSC for purpose of payment. Second, the DPSC contends that the trial court did not have authority to place J.M. in its custody for a contempt of court violation.

Opinion
In two unpublished writ applications, this court has previously considered two judgments from the same district court that contained language identical to that of the December 9, 1996 judgment. In W97-1075 (La.App. 3 Cir. 9/16/97) and W97-657 (La. App. 3 Cir. 9/8/97), we granted the DPSC's applications, finding the trial court erred in placing two juveniles in the custody of DPSC "for the purpose of payment" before their adjudication. Both decisions were based upon La.Ch.Code art. 822(B), which provides:
The court shall not place a child alleged to be delinquent in the custody of either the department of Social Services or the department of Public Safety and Corrections prior to adjudication.

(Emphasis added.)
Additionally, La.R.S. 46:1906(B) defines the DPSC's financial obligation for adjudicated delinquents as follows:
B. (1) The department shall pay to the local governing authority for feeding and maintaining each child who is adjudicated delinquent or in need of supervision and committed to the department and who is held in a local institution or facility due to the inability of the department to accept the child the same amount as is paid for keeping and feeding individuals committed to the department and confined in a parish jail.

(2) Each local governing authority shall file a monthly report with the department and shall be paid for the charges on a monthly basis by the department.

(Emphasis added.)
In W97-657, the child, J.D.S., was detained on theft and simple burglary charges on April 7, 1997. He was not adjudicated until May 12, 1997. Nevertheless, on April 9, 1997, the trial court signed the judgment transferring his custody to the DPSC "for the purpose of payment" retroactive to the date of his detention. In W97-1057, the child, D.G., was detained for theft on June 24, 1997, while he was on probation for previous charges. He was not adjudicated on the theft charge until July 25, 1997, but the district court order, signed June 26, 1997, transferred his custody to the DPSC for purposes of payment retroactive to June 24, 1997.
In granting the DPSC's application for writs in both cases, we stated:
The trial court erred in placing custody of J.D.S. [and D.G.] with the Louisiana Department of Public Safety and Corrections for purposes of payment to the Calcasieu Detention Center pending adjudication. La.Ch.C. art. 822. Accordingly, the portion of the order which implicitly requires payment by the State to the Calcasieu Parish Juvenile Detention Center for the housing of J.D.S. [and D.G.] is reversed and set aside.
Our decisions in these two writs are consistent with at least three opinions of the Attorney General that have required local authorities to bear the cost of pre-adjudication detention of juveniles. See Op.Atty.Gen. Nos. 96-252 (July 26, 1996); 94-311 (October 31, 1994); and 91-425 (January 10, 1992). Opinion No. 94-311, at p. 1, states:
While the local governing authority is responsible for all costs associated with the detention of juveniles prior to their adjudication as delinquents or children in need of care, this office has recognized that the cost following adjudication is a different matter. In Atty.Gen.Op. No. 91-425 it was concluded costs incurred subsequent to adjudication would be incurred either by the juvenile's parents or the Department of Corrections.
*997 Although opinions of the Attorney General are advisory only and not binding, this court has recognized their persuasive authority, particularly where no cases on point can be found. Roy v. Avoyelles Parish School Board, 552 So.2d 63 (La.App. 3 Cir. 1989). We find that these opinions comport with the statutes quoted above, and we consider them persuasive, in the absence of jurisprudential authority.
In the instant case, J.M.'s adjudication and disposition for her probation violations occurred on the same date as her detention, December 6, 1996. Although the judgment of December 9, 1996, purported to place her in the DPSC's custody retroactively for purposes of payment, she had already been adjudicated and placed with the DPSC three days earlier. Hence, unlike in the cases of J.D.S. and D.G., the judgment did not order retroactive custody and payment for pre-adjudication detention, as the DPSC argues in its first assignment of error. We, therefore, will consider the DPSC's second assignment of error, that J.M. should not have been placed in its custody "for the purpose of payment" on a contempt of court violation.
La.Ch.Code art. 1509(B) provides:
When a child is adjudged guilty of direct contempt of court or when an adjudicated child is adjudged guilty of constructive contempt of court for repeated disobedience of the court's judgment of disposition, the court may commit the child to a juvenile detention center or other suitable facility for not more than fifteen days, including time spent in detention for the contempt prior to the contempt hearing. However:
(1) A child in need of care who is adjudged to be in contempt shall not be placed in secure detention, nor shall such detention facility accept a child in need of care.
(2) A child committed under this provision shall not be physically housed in the same room or area used to house children adjudicated delinquent.
(Emphasis added.)
Although the trial court found J.M. to be a "Proper Person for commitment to or placement with" the DPSC, the court continued her probation subject to her serving thirty days in the parish detention center for contempt. (She was released after serving only eight days.) Under La.R.S. 46:1906(B), the DPSC must pay the local authorities for those children who (1) are adjudicated delinquent and (2) are housed in a local facility "due to the inability of the department to accept the child." In this case, J.M. was detained in the parish facility because the trial court ordered her to serve her contempt sentence there, not because of the DPSC's inability to accept her for confinement. We agree with the DPSC that this case does not meet the requirements for payment to local authorities under La.R.S. 46:1906(B).

Decree
For the above reasons, the judgments of the trial court are reversed insofar as they implicitly require payment by the DPSC to the Calcasieu Parish Juvenile Detention Center for the housing of J.M. In all other respects, they are affirmed. Costs of this appeal are assessed to the appellee.
REVERSED IN PART AND RENDERED.
WOODARD, J., concurs in result.
NOTES
[*] Initials are used in place of the juvenile's full name to protect her identity.