# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1337

**NEW IBERIA FIREFIGHTERS ASSOCIATION,
LOCAL 775 ET AL.**

**VERSUS**

**CITY OF NEW IBERIA**

\*\*\*\*\*\*\*\*\*\*

APPLICATION FOR SUPERVISORY WRITS
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF NEW IBERIA, NO. 120518-B
HONORABLE PAUL J. DEMAHY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JIMMIE C. PETERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

**WRIT GRANTED
AND MADE PEREMPTORY.**

John F. Wilkes, III
Joy C. Rabalais
Ray F. Lucas, III
Tonya R. Smith
Kathy L. Smith
Adriane M. Reese
Borne & Wilkes, L.L.C.
P.O. Box 4305
Lafayette, LA 70502-4305
(337) 232-1604
COUNSEL FOR DEFENDANT/RELATOR
    City of New Iberia

**Louis L. Robein, Jr.**
**Christina L. Carroll**
**Robein, Urann, Spencer, Picard & Cangemi**
**P. O. Box 6768**
**Metarie, LA 70009-6768**
**504-885-9994**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Jason Enkey**

**PETERS, J.**

The matter now before us originated as a petition for declaratory judgment filed by the New Iberia Firefighters Association Local 755 and individual firefighters (firefighters) against their employer, the City of New Iberia (the City), relative to issues involving supplemental and longevity pay and the City's sick leave, drug, and alcohol policies. The City filed this application for supervisory writs seeking to reverse the trial court's rejection of its motion for summary judgment relative to one of the firefighters, Jason Enkey, wherein the City sought dismissal of Mr. Enkey's claim for longevity pay pursuant to La.R.S. 33:1992(B).

## DISCUSSION OF THE RECORD

The New Iberia Firefighters Association Local 755 and the individual firefighters brought suit against the City on April 10, 2012, raising a number of issues concerning employment and pay issues involving the firefighters. After resolution of a number of preliminary issues, the City filed motions for summary judgment on September 5, 2013, against nine of the named firefighters relative to their claims for longevity pay pursuant to La.R.S. 33:1992(B). After the City dismissed the motions against four of those firemen, the longevity pay issue of the remaining five firemen was heard by the trial court on October 4, 2013. At the conclusion of that hearing, the trial court granted the summary judgment as to four of the firemen, but denied it with respect to the claims of Jason Enkey.

After the trial court executed a judgment on the motion for summary judgment, the City filed the application for supervisory writs now before us, seeking to have the judgment with regard to Mr. Enkey reversed. For the following reasons, we grant the supervisory writ application, reverse the trial court judgment rejecting the City's motion for summary judgment, and render judgment dismissing Mr. Enkey's claim for longevity pay pursuant to La.R.S. 33:1992(B).

**OPINION**

Louisiana Revised Statutes 33:1992(A) sets forth the minimum monthly salaries that municipalities having a population of 12,000 or more, the City of Bastrop, and parish and fire protection districts must pay the various employees of those firefighting entities and, in doing so, recognizes the salary distinctions based on position.[1] At issue in this litigation is La.R.S. 33:1992(B), which establishes the method of calculation of longevity pay as follows:

> From and after the first day of August, 1962, each member of the fire department who has had three years continuous service shall receive an increase of two percent and shall thereafter receive an increase in salary of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used in computing such longevity pay.

The facts applicable to this matter are not in dispute. As evidenced by the affidavits attached to the motion for summary judgment and to Mr. Enkey's memorandum in opposition to the summary judgment, Mr. Enkey began employment with the City on August 11, 2011. Prior to his employment with the City, he had worked as a firefighter with the City of Natchitoches Fire Department (Natchitoches Fire Department) for over ten years. The City claims that Mr. Enkey is not entitled to longevity pay because he has not complied with the three-year continuous service requirement of La.R.S. 33:1992(B), and Mr. Enkey argues that he is entitled to credit for the service with the Natchitoches Fire Department. We find merit in the City's position.

We called this application for supervisory writs up because the question at issue is a matter of first impression, although several Louisiana Attorney General opinions have interpreted La.R.S 33:1992(B) as argued by the City.[2] "Although

---

[1] Louisiana Revised Statutes 33:1992(A) sets a minimum monthly salary for a fireman at $400.00 per month and establishes the minimum monthly salaries of all of the other potential fire department employees as a percentage of the fireman's minimum monthly salary.

2

opinions of the Attorney General are advisory only and not binding, this court has recognized their persuasive authority, particularly where no cases on point can be found." *State in Interest of J.M.*, 97-491, p. 4 (La.App. 3 Cir. 10/29/97), 702 So.2d 994, 997. Accordingly, a resort to statutory interpretation is necessary before we can answer which scenario is correct.

> The fundamental question in all cases of statutory interpretation is legislative intent. *SWAT 24 Shreveport Bossier, Inc. v. Bond*, 2000-1695, p. 11 (La.6/29/01), 808 So.2d 294, 302; *Succession of Boyter*, 99-0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1128. The rules of statutory construction are designed to ascertain and enforce the intent of the legislature. *Id.*; *Stogner v. Stogner*, 98-3044, p. 5 (La.7/7/99), 739 So.2d 762, 766.

> The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting the law. *SWAT 24 Shreveport Bossier*, 2000-1695 at p. 11, 808 So.2d at 302; *Succession of Boyter*, 99-0761 at p. 9, 756 So.2d at 1129. A statute must be applied and interpreted in a manner that is logical and consistent with the presumed purpose and intent of the legislature. *Id.*

> Further, it is presumed that every word, sentence, or provision in a law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were employed. *Sultana Corporation v. Jewelers Mutual Insurance Company*, 03-0360, p. 9 (La.12/3/03), 860 So.2d 1112, 1119. As a result, courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause or word as meaningless and surplusage if a construction giving force to, and preserving, all words can legitimately be found. *St. Martin Parish Police Jury v. Iberville Parish Police Jury*, 212 La. 886, 33 So.2d 671, 676 (1947); *State v. Fontenot*, 112 La. 628, 36 So. 630, 634 (1904). Finally, it is presumed that the legislature acts with full knowledge of well principles of statutory construction. *Sultana Corporation*, 03-0360 at p. 9, 860 So.2d at 1119.

> In addition to the above judicial principles which are guides to determine the intent of the legislature, the legislature has enacted rules for the construction of statutes in the provisions of the revised statutes. The following are pertinent to this case.

---

[2] Op.Atty.Gen., No. 94-10, Feb. 7, 1994; Op.Atty.Gen., No. 03-0192, Oct. 24, 2003.

Louisiana Revised Statutes 1:3 provides:

> Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

> The word "shall" is mandatory and the word "may" is permissive.

Louisiana Revised Statutes 1:4 provides:

> When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.

Louisiana Revised Statutes 1:9 provides:

> Unless it is otherwise clearly indicated by the context, whenever the term "or" is used in the Revised Statutes, it is used in the disjunctive and does not mean "and/or."

*Moss v. State*, 05-1963, pp. 15-16 (La. 4/4/06), 925 So.2d 1185, 1196-97.

Additionally, based on prior jurisprudence interpreting La.R.S. 33:1992, it is well understood that the Louisiana Legislature has plenary power to enact laws pertaining to the minimum wages and working conditions of firemen. *New Orleans Firefighters Ass'n. v. Civil Serv. Comm'n of City of New Orleans*, 422 So.2d 402 (La.1982). It is also clear that laws pertaining to the wages and working conditions of firemen are remedial in nature, humanitarian in purpose, and are not to be narrowly construed. *Id.*

In *New Orleans Firefighters Association*, the supreme court stated that the minimum standards of income and working conditions that firemen could be subjected to are provided by La.R.S. 33:1992 and La.R.S. 33:2002. Louisiana Revised Statutes 33:2002 (emphasis added), which provides firemen with extra compensation from the state, provides in part:

4

A. (1) In addition to the compensation now paid by any municipality, parish, fire protection district, or other political subdivision maintaining a fire department, or by the Chitimacha Tribe of Louisiana or the Coushatta Tribe of Louisiana, hereinafter referred to as "tribe", or by any nonprofit corporation contracting with any such political subdivision to provide fire protection services to every paid, regularly employed employee who is paid not less than three hundred dollars per month, not including supplemental pay, as distinguished from part-time employees and volunteers of such fire department, who are carried on the payroll of such fire department, and every employee as defined herein who is paid from funds of the parish or municipality or tribe obtained through lawfully adopted bond issues, lawfully assessed taxes, or other funds available for such purpose, either directly or through a board or commission set up by law or ordinance of the parish or municipality or tribe, shall be paid extra compensation by the state in the amount of five hundred dollars per month for each such paid employee who has completed or who hereafter completes one year of service. The provisions of Paragraph (5) of this Subsection shall govern the requirements for length of service for employees who were ordered to active military duty in the armed services of the United States during their initial term of employment.

. . . .

B. In computing the period of service required by Subsection A of this Section, prior service of employees who have returned or who hereafter return to such service shall be included; *provided that service in any municipal, parish, tribe, or fire protection district fire department, whether with the same fire department or not, shall be used in computing such prior service.* Notwithstanding the provisions of Subsection A to the contrary, any employee who received state supplemental pay prior to March 31, 1986, and returns to such service shall be entitled to receive state supplemental pay whether or not such employee completes training for and obtains National Fire Protection Association Standard 1001 Firefighter I certification or completes training and receives certification from a fireman's training program as approved by the Louisiana State University Firemen Training Program in accordance with R.S. 40:1541 et seq.

In *New Orleans Firefighters Association*, the supreme court further stated that in order to reach a "fair and ungrudging construction" of La.R.S. 33:2002, that statute should be read *in pari materia* with La.R.S. 33:1992. *Id.* at 413.

Reading La.R.S. 33:1992 *in pari materia* with La.R.S. 33:2002, we find that the legislature intended the municipalities, the City of Bastrop, and the parish and fire protection districts subject to the minimum salary law to provide longevity pay

to only those firemen which worked a continuous three years in *their* fire departments. Our interpretation of Subsection B is based on the legislature's placement of the word "the," in front of "fire department." "The" is a definite article, which refers to a specific person, place, or thing; whereas "a" or "an" are indefinite articles, which refer to people, places, or things in a general or nonspecific manner. BRYAN A. GARNER, THE REDBOOK A MANUAL ON LEGAL STYLE, § 10.38 (2d ed. 2006).

Thus, we find that when the legislature stated that "each member of *the* fire department who has had three years continuous service shall receive an increase in salary[,]" it intended that only those firemen who served with that specific fire department for three years were entitled to the longevity pay. Had the legislature intended for any fireman with three years continuous service, no matter at which or how many fire departments they worked for, it could have stated that "each member of a fire department who has had three years continuous service" are entitled to longevity pay, or it could have replaced the language "member of the fire department" with "firemen." This is just what the legislature did with regard to the supplemental pay provision found in La.R.S. 33:2002(B), wherein the legislature specifically provided that continuity of service with a specific fire department was not required for a fireman to receive state supplemental pay, as long as the fireman completed one year of service. Furthermore, although we recognize the constitutionally accorded plenary power afforded to the legislature in this area, we do not believe that it intended to saddle a municipality with the obligation of providing longevity pay to a fireman who earned that right while serving in another municipality's fire department.

6

## DISPOSITION

For the foregoing reasons, we grant and make peremptory the application for supervisory writs filed by the City of New Iberia, and in doing so, reverse the judgment of the trial court recognizing Jason Enkey's claim for longevity pay to be paid by the City of New Iberia, and render summary judgment dismissing the claim of Jason Enkey in full. We assess all costs of this writ application to Jason Enkey.

**WRIT GRANTED AND MADE PEREMPTORY.**